## KIRKLAND et al. v. MATTHEWS.

(Court of Civil Appeals of Texas. Galveston. Dec. 12, 1913. Rehearing Denied Dec. 24, 1913.)

1. JUDGMENT (§ 256*)—VERDICT—CONFORMITY TO VERDICT—NEW TRIAL.

Under Rev. Civ. St. 1911, art. 1994, providing that the judgment shall conform to the pleadings, proof, and verdict, the court, in entering judgment, must follow the verdict rendered, and may not render judgment contrary thereto, though it believes that the verdict is not supported by evidence, but, after rendering judgment conforming to the verdict, it may exercise its discretion and grant a new trial.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 446–454; Dec. Dig. § 256.*]

2. PARENT AND CHILD (§ 2*)—CUSTODY OF CHILDREN.

In a suit between an aunt and a father of infant children for their custody, evidence that a member of the father's family was afflicted with tuberculosis and thereby would endanger the health of the children, if awarded to the father, was admissible in determining whether the best interests of the children would be subserved by placing their custody with the father.

[Ed. Note.—For other cases, see Parent and Child, Cent. Dig. §§ 4–32; Dec. Dig. § 2.*]

3. PARENT AND CHILD (§ 2*)—CUSTODY OF CHILDREN.

Where a father, who had agreed, on the death of his wife, that the minor children of the marriage should be placed in the custody of an aunt, seeks to regain the custody of the children, the permanent interest and welfare of the children is the paramount question; but, since the father is by law made their custodian, it must be presumed that their best interest will be subserved by placing them in his custody, and, in the absence of any evidence of his unfitness, his paramount right to the custody cannot be disregarded.

[Ed. Note.—For other cases, see Parent and Child, Cent. Dig. §§ 4–32; Dec. Dig. § 2.*]

Appeal from District Court, Tyler County; A. E. Davis, Judge.

Consolidated action by Mrs. Alta Kirkland and her husband against George C. Matthews, and by George C. Matthews against Alta Kirkland and her husband, involving the custody of minor children. From a judgment awarding the custody of the children to Matthews, the Kirklands appeal. Reversed and remanded.

Joe W. Thomas, of Woodville, for appellants. Jno. T. Beaty, of Jasper, and Harper & Shivers, of Woodville, for appellee.

McMEANS, J. This suit was brought by the appellant Alta Kirkland joined by her husband, against appellee George C. Matthews and wife for the custody of four minor children of appellee, viz., George Cade Matthews, Margaret E. Matthews, Claude P. Matthews, and Mary Julia Matthews. Appellant alleged that she was the aunt of the minors, and that the mother of the minors is dead, and that just prior to her death in 1907 she requested appellant to take upon herself the care and custody of the minors, and that upon this request and by the acquiescence of George C. Matthews, their father, the appellee, she took the custody and care of the minors, and had retained the same since May 27, 1907; that she is the proper person to have such care and custody, and it would be to the best interest of the minors, and that their welfare would be best subserved, for them to remain with her, and that the defendants are unfit for their care, especially Mrs. Matthews, their stepmother. She further alleged that Mrs. Robinson, the mother of Mrs. Matthews, who was a member of defendant's family, was afflicted with tuberculosis, which rendered it dangerous for the minors to live in defendant's home.

After this suit was filed, the appellee, alleging that three of his minor children were illegally restrained of their liberty by the appellant Mrs. Kirkland sued out a writ of habeas corpus for their release, his purpose being to obtain their custody in this manner. Afterwards the appellants' suit and the appellee's application for the writ of habeas corpus were consolidated, and this was not objected to by either party. The case was then tried before a jury, and after the evidence was all in the court submitted to them the following charge:

"You are instructed by the court in this case that the burden of proof rests upon Ed. Kirkland and Alta Kirkland, plaintiffs in this case, to prove by a preponderance of the evidence that the best interest of the children demand that George C. Matthews, their father, should be deprived of their custody before you can find in favor of Ed. Kirkland and Alta Kirkland.

"Now, if you believe from a preponderance of the evidence that the best interest of the children, George Cade Matthews, Margaret E. Matthews, Claude P. Matthews, and Mary Julia Matthews, will be subserved by giving the custody and care of said children to Alta Kirkland and Ed. Kirkland, you will find for the plaintiffs.

"If you believe that the welfare of the children will be equally subserved in the custody of either plaintiffs or defendants, then you will find for the defendants.

"If you believe that the welfare of the children would be best subserved by giving the custody of the children to George C. Matthews, then you will find for defendants.

"You are the sole and exclusive judges of the facts proved, of the credibility of the witnesses, and the weight and value to be given to their testimony, but the law you receive from the court in this written charge, and you are bound to be governed thereby.

"If you find in favor of the plaintiffs, Ed. Kirkland and Alta Kirkland, the form of your verdict will be: 'We, the jury, find for the plaintiffs.'

"If you find for the defendants, the form of your verdict will be: 'We, the jury, find for the defendants.'"

Acting under this charge, the jury returned the following verdict: "We, the jury, find in favor of plaintiffs." Upon return of this verdict, the court, notwithstanding the verdict was in favor of plaintiffs, rendered judgment in favor of defendant, awarding to him the custody of the minors; and this action of the court is made the basis of the appellants' first, second, third, fourth, and fifth assignments of error, and these assignments must be sustained.

[1] Article 1994, Revised Statutes 1911, provides: "The judgment of the court shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled, either in law or equity." The evidence in the record warranted, although it did not compel, a finding in favor of appellant. We think that, upon the coming in of the verdict, the court was bound to follow it in entering judgment thereon and was not authorized to enter judgment contrary thereto, even though the trial judge should be of the opinion that the verdict was without evidence to support it, or that it was so against the great weight and preponderance of the testimony as to be clearly wrong. This question has several times been before the Supreme Court of this state, and it has uniformly held that the verdict must constitute the basis of the judgment. In one of the earlier cases, Claiborne v. Tanner, 18 Tex. 79, it is held: "There can be no clearer principle than that, where a jury has intervened and all the issues have been submitted to their decision, their verdict must constitute the basis of the judgment. The court cannot look to the evidence on which the verdict was found, in order to determine what judgment to render; but must look alone to the verdict; for it is upon that which the jury have found—not what they might or ought to have found—that the court proceeds to render judgment. The judgment is the conclusion of law upon the facts of the case, as found by the verdict of the jury. If the court might look to the evidence, outside of the findings of the jury, for the facts on which to give judgment, the verdict might be wholly disregarded and the right of trial by jury defeated." In Hume v. Schintz, 90 Tex. 75, 36 S. W. 430, the court quotes with approval the part of the opinion above quoted from Claiborne v. Tanner, and further says: "The jury are the judges—the triers —of questions of fact. Their award, until set aside, is conclusive, and it has been held by this court that it is the imperative duty of the court in the first instance to give judgment in accordance with the verdict. Lloyd v. Brinck, 35 Tex. 1." In Railway Co. v. Strycharski, 92 Tex. 11, 37 S. W. 417, it is said: "It is made the duty of the court to enter its judgment in conformity with the verdict, whether it be correct or not, and whether the error in the verdict, if there be any, arose from erroneous instructions or rulings by the court or from a misinterpretation of the evidence by the jury. * * * The act of the judge in entering judgment upon the verdict is merely ministerial, and he cannot disregard the verdict if it is responsive to the issues submitted and in proper form." The trial judge is invested by law with a liberal discretion in the matter of granting new trial, and should exercise such discretion whenever the interest of justice demands it. But the authorities quoted leave in no doubt his plain duty to render a judgment in accordance with the verdict, but after this ministerial duty has been discharged he is then at liberty, if, in his judgment, the justice of the case demands it, to grant a new trial.

[2] Plaintiff offered to prove that a member of the defendant's family was afflicted with tuberculosis, a contagious and dangerous disease, but, upon the objection of defendant, this proof was rejected. The purpose in offering proof of this fact was to show that the minors, should they be awarded to their father, would come in close association with one suffering from a dangerous and contagious malady, and that this was a circumstance to be considered in determining whether the best interest of the minors would be subserved by placing their custody with appellee. We think the testimony was admissible upon the issue suggested, and that the court erred in rejecting it. Patton v. Shapiro, 154 S. W. 688. What is for the best interest of the children is the question of prime importance in cases of this kind, and any evidence showing or tending to show that their welfare would not be best subserved by placing them in the custody of a contending party should be admitted and considered.

[3] In concluding this opinion, we think it is well to call attention to the case of State v. Deaton, 93 Tex. 243, 54 S. W. 903, which appears to be the latest expression of the Supreme Court upon issues such as are presented in this appeal. The court says: "When the parent has parted with the possession and control of his or her child and seeks to regain that possession through the courts, it becomes the duty of the court, in a proper case, to protect the child against the evil results that may flow to it from an improper direction through incompetent or disqualified parents." The court then quotes with approval from Weir v. Marley, 99 Mo. 484, 12 S. W. 798, 6 L. R. A. 672, as follows: "The discretion to be exercised is not an arbitrary one, but, in the absence of any positive disqualification of the father for the proper discharge of his parental duties, he has, as it seems to us, a paramount right to the custody of his infant child, which no court is at liberty to disregard. And, while we are bound also to regard the permanent

interests and welfare of the child, it is to be presumed that its interests and welfare will be best promoted by continuing that guardianship which the law has provided, until it is made plainly to appear that the father is no longer worthy of the trust. The breaking of the ties which bind the father and the child can never be justified without the most solid and substantial reasons. Upon the father, the child must mainly depend for support, education, and advancement in life, and as security for this he has the obligation of law, as well as the promptings of that parental affection, which rarely fail to bring into service of the child the best energies and the most thoughtful care of the father. In any form of proceeding, the sundering of these ties will always be approached by the courts with great caution, and with a deep sense of responsibility." We also direct attention to what this court says in Hall v. Whipple, 145 S. W. 310: "While the paramount question * * * in cases like this is the welfare and best interest of the child, the father is by law made its custodian, and it is a presumption of the law that the best interest of the child would be subserved by placing it in the custody of the father; and, in the absence of any evidence to show his unfitness or disqualification for the discharge of his duty as parent, his paramount right to the custody of his child cannot be disregarded. Watts v. Lively, 60 S. W. 676; State v. Deaton, 93 Tex. 243, 54 S. W. 901; Parker v. Wiggins, 86 S. W. 788; Sancho v. Martin, 64 S. W. 1015."

For the errors indicated, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.