WILLIFORD et al. v. RICHARDS et ux. †
(No. 6640.)

(Court of Civil Appeals of Texas. Galveston. July 1, 1914. Rehearing Denied Oct. 8, 1914.)

PARENT AND CHILD (§ 2*)—CUSTODY OF CHILD —RIGHTS OF PARENT.

Where the father of minor children was able and willing to provide for and educate them, and worthy to be intrusted with their care, and not shown to have been neglectful of them, he was entitled to their custody as against relatives of their deceased mother, his first wife, with whom he had agreed to leave them.

[Ed. Note.—For other cases, see Parent and Child, Cent. Dig. §§ 4–32; Dec. Dig. § 2.*]

Appeal from District Court, Tyler County; A. E. Davis, Judge.

Action by A. W. Williford and others against C. W. Richards and wife. From judgment for defendants, plaintiffs appeal. Affirmed.

Joe W. Thomas, of Woodville, for appellants. J. A. Mooney and S. W. Sholars, both of Woodville, for appellees.

PLEASANTS, C. J. This suit was brought by appellants A. W. Williford and wife, Lydia Williford, and Mrs. H. A. Fountain, a feme sole, against C. W. Richards and wife, Lizzie Richards, for the possession of Charlie Richards, a boy 10½ years old, and Hattie Richards, a girl 8 years old. The facts alleged by the pleadings and established by the evidence, succinctly stated, are as follows: Charlie and Hattie Richards are the children of appellee C. W. Richards and his deceased wife, Hattie Richards, who was the sister of

appellant Lydia Williford and the daughter of appellant Mrs. H. A. Fountain. Mrs. Hattie Richards died about 8 years before the institution of this suit. At the time of her death the child Hattie was an infant and the boy Charlie about 2½ years old. During her last sickness she requested her sister, Mrs. Williford, who had no children of her own, to take her children and raise them. This request was made in the presence of appellee C. W. Richards, and he acquiesced therein, and he and Mrs. Williford both promised her that her request would be complied with. For the first years after the death of Mrs. Richards the children were kept by Richards at his home. His mother-in-law, Mrs. Fountain, lived with him, kept house for him, and took care of the children. This arrangement continued until the spring of 1896, when, because of the fact that Richards' business kept him from home a great deal, it was agreed that Mrs. Fountain and the children should go to live with the appellants Mr. and Mrs. Williford. From that time until appellee Richards married his second wife, Lizzie Richards, both of the children were kept by appellants, who bestowed upon them the love and care of fond parents. Mr. and Mrs. Williford are educated and refined, are in good circumstances, and the children have been provided with every comfort, and their welfare and education given every attention. Richards has at all times contributed to the support of the children and is able to properly provide for and educate them. He has visited them whenever his business would permit, and has been an affectionate and attentive father. Appellants have spent more upon the children than he, but this has not been due to any failure on his part to do all that was necessary in this regard.

After the death of his first wife Richards qualified as survivor of the community estate. He has sold some timber from lands that belonged to the community and mortgaged other lands, but there is no evidence to justify the conclusion that he has, or will, squander the estate, or will defraud his children of any portion of their patrimony. He has made no report to the probate court of his management of the estate.

When he informed the appellants of his engagement to his present wife he told them that he would not take the children from them. After his marriage, however, he asked them to let Charlie come to live with him. This was agreed to by appellants, and the boy has been with his father most of the time for two years or more. The present Mrs. Richards is an English woman, and does not like the manners and customs of America, and desires to return to England to live. She and Richards have made several trips to England, and on one of these trips took the boy, Charlie, with them. Mrs. Richards does not appear to be a woman of affectionate disposition, but there is no evidence that she has ever been unkind to the boy, Charlie, and nothing to warrant a fear that she will treat the children unkindly. She is an educated woman of good character, and qualified for the duties of caring for and training the children. The little girl, Hattie, has never lived with her father since she was taken into the home of appellants, but has visited him several times since his marriage. She testified that she wanted to live with appellants; that she loved her father, but loved appellants best. There is evidence tending to show that appellee intends to sell his property here and take his family to England and live there for an indefinite time, if not permanently.

Upon the trial below the court instructed the jury to return a verdict in favor of defendants and upon the return of such verdict rendered a judgment in favor of defendants on their cross-action giving them the care, custody, and control of both children.

Upon the facts before stated no other verdict than one in favor of plaintiff could have been properly rendered, and therefore the court did not err, as contended by appellants, in directing the jury to return such verdict.

The welfare and best interest of the child is the controlling question in cases of this kind, and it is well settled by our decisions that if the parent is not shown to be unworthy the care and custody of his child, or unable to properly provide for it, or will place it in surroundings that will endanger its welfare in some way, the best interest of the child will be subserved by placing it in the care and custody of the parent. There is no evidence in this case tending to show that appellee Richards is not entirely worthy to be intrusted with the care and custody of his children, or that his wife will not do her full duty in assisting him in caring for his children. He is not shown to have ever been neglectful of his children or wanting in bestowing upon them the affection and care of a faithful and fond parent. He is able to provide for and educate them, and cannot be denied the right to their care and custody because of his agreement with appellant to give them such care and custody. Agreements of this kind are not enforceable as contracts, and when the parent seeks to regain possession of his children through the courts his paramount right to their care and custody must be recognized and enforced in the absence of evidence showing his disqualification therefor. Legate v. Legate, 87 Tex. 248, 28 S. W. 281; State v. Deaton, 93 Tex. 243, 54 S. W. 901; Watts v. Lively, 60 S. W. 676; Hall v. Whipple, 145 S. W. 309; Parker v. Wiggins, 86 S. W. 788.

It would serve no useful purpose to discuss the several assignments of error presented in appellant's brief. Our conclusion that under the undisputed evidence no other verdict and judgment could have been properly rendered

than one in favor of the defendants requires that the judgment be affirmed, and it has been so ordered.

Affirmed. ·