CARTER v. LAMBERT et ux.    (No. 9131.)

(Court of Civil Appeals of Texas.    Ft. Worth.
June 21, 1919.)

HABEAS CORPUS ☞99(7) — CUSTODY OF CHILD.

Where after the death of his wife, petitioner agreed that the maternal grandparents of his daughter should raise and educate the child subject to his orders, and that he was to live with them, and the arrangement continued for some seven years, when petitioner remarried, his second wife being a woman of refinement, who was very fond of the child, *held* that as petitioner was able to give the child advantages, it appearing that he earned from $165 to $200 a month, he was entitled to the custody of the child, and a judgment giving the grandparents the custody during part of the year was improper.

Appeal from District Court, Callahan County; Joe Burkett, Judge.

Habeas corpus by George Carter against Henry Lambert and wife, to obtain the custody of a minor daughter of petitioner. From a judgment awarding the custody of the child during part of the year to respondents, her grandparents, petitioner appeals. Reformed and affirmed.

F. S. Bell and Otis Bowyer, both of Baird, and Jno. B. Littler, of Big Spring, for appellant.

B. L. Russell, of Baird, and Walter L. Morris, of Ft. Worth, for appellees.

BUCK, J. This suit arose out of a controversy over the right of custody of an eight year old child, Dona May Carter, between her father, George Carter and her maternal grandparents, Henry Lambert and wife. A former suit involving the same question had been compromised, and an agreed judgment formulated and entered upon the docket of the court, but it seems it was not incorporated in the minutes. Some feeling seems to have been engendered between the father and the grandparents, and in the effort to comply with the terms of the agreed judgment misunderstandings arose, and the father concluded that he was unduly restricted, by the actions of the grandparents, in visiting the child during the period of the year for which the grandparents were awarded the custody of the minor. Hence he filed in the same court in which the former judgment was rendered a petition for a writ of habeas corpus, praying that upon hearing he be awarded the possession, care, and control of his minor daughter. An answer was filed, and upon a hearing the court awarded the possession, care, and custody of the child to the grandparents during the vacation period and to the father during the nine months or less of the school period. From this judgment, the plaintiff has appealed.

The court filed his findings of fact and conclusions of law. He found the minor child was the daughter of plaintiff and the deceased daughter of defendants; that some two or three years after the marriage of Mr. and Mrs. Carter Dona May Carter was born, and that her mother died when the babe was 16 days old; that an agreement was entered into between the father of the child and Mrs. Henry Lambert, one of the defendants, that Mrs. Lambert should raise the said child and have the care, custody, and control of said child subject to the orders of the father, who was to live with the Lamberts; that said child and father resided with the Lamberts for some seven years before Carter remarried; that during said period there was no friction or ill will between the Lamberts and Carter, but that after the second marriage the father claimed possession of said child, and was refused the custody by Mr. and Mrs. Lambert, whereupon Carter filed

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

habeas corpus proceedings as aforesaid. The court further found that a disagreement arose between plaintiff and defendants as to the terms of the said agreed judgment. The court further found that defendants were suitable persons to have the care, custody, and control of said child during the months of June, July, and August, and that the father and stepmother were suitable persons to have the care, custody, and control of the child during the other nine months, or during the school term. Hence the court concluded as a matter of law:

"That by reason of said agreement and the relationship of the grandparents and the parents of said child the said grandparents are entitled to the care, custody, and control of said child during the vacation period, and that, as father, George Carter, and stepmother, Mrs. George Carter, are entitled to the care, custody, and control of said child during the nine months, school period, as set out in said judgment."

The statement of facts sustains the finding of the court as to the suitableness of the father and stepmother to have the care, custody and control of the minor child. The evidence further shows that Mrs. Carter is desirous or having the care and custody of the child, and that she is affectionate towards it, and the little girl is affectionate towards her stepmother; that Mrs. Carter is a lady of refinement, and capable of controlling and caring for said child; that the Carters have a home in the town of Big Spring, paid for, and are able and anxious to send the little girl to school and give her an education befitting her station in life; that the father is a railroad man, an engineer, earning from $165 to $200 a month; that the Carter home is within a short distance of the high school and also of the ward school in the town of Big Spring; that the father is devoted to the child and the child to the father. The evidence likewise supports the finding of the court that the grandparents are suitable persons to have the care and custody of the child, and that they are devoted to the little girl and the little girl to them; that they are willing, able, and anxious to have the child with them during the vacation period and give it all necessary care and support.

Under such circumstances, the question before this court is whether or not, where the evidence shows that the parent is of good character, ready, willing, and able to care for, nurture, maintain, and educate his child, the trial court has the authority to award the possession, custody, and control to some other person, either for the entire time or for a designated part of the year. In the case of State ex rel. Wood v. Deaton, 93 Tex. 243, 54 S. W. 901, our Supreme Court quoted with approval Weir v. Marley, 99 Mo. 484, 12 S. W. 798, 6 L. R. A. 672, in which the following language is used:

"What is for the best interest of the infant? is the question upon which all cases turn at last, whatever may be said in the opinions about contracts; and the answer returned is that the custody of the child is by law with the father, unless it appears by satisfactory evidence that the best interest of the child demands that he should be deprived of that custody, and upon him who so avers devolves the burden of proof. The presumptions are against it."

In Wood v. Deaton, Judge Brown aptly expresses himself as follows:

"God, in his wisdom, has placed upon the father and mother the obligation to nurture, educate, protect, and guide their offspring, and has qualified them to discharge those important duties by writing in their hearts sentiments of affection, and establishing between them and their children ties which cannot exist between the children and any other persons. Especially is this the case with the mother. Parents cannot divest themselves of the obligation imposed upon them by their Creator, but, when they become disqualified for a proper discharge of such duties, civil government has the right, in the interest of the child, to provide for its proper nurture and education. When the parent has parted with the possession and control of his or her child, and seeks to regain that possession through the courts, it becomes the duty of the court, in a proper case, to protect the child against the evil results that may flow to it from an improper direction through incompetent or disqualified parents. The rule which should guide the court is aptly expressed in the case of Weir v. Marley, which we have quoted, and is supported by the case of State v. Richardson, 40 N. H. 275, in this language: 'The discretion to be exercised is not an arbitrary one, but, in the absence of any positive disqualification of the father for the proper discharge of his parental duties, he has, as it seems to us, a paramount right to the custody of his infant child, which no court is at liberty to disregard. And, while we are bound also to regard the permanent interests and welfare of the child, it is to be presumed that its interests and welfare will be best promoted by continuing that guardianship which the law has provided until it is made plainly to appear that the father is no longer worthy of the trust. The breaking of the ties which bind the father and the child can never be justified without the most solid and substantial reasons. Upon the father the child must mainly depend for support, education, and advancement in life; and as security for this he has the obligation of law, as well as the promptings of the parental affection which rarely fails to bring into the service of the child the best energies and the most thoughtful care of the father. In any form of proceeding, the sundering of these ties will always be approached by the courts with great caution, and with a deep sense of responsibility.'"

See, also, Hall v. Whipple, 145 S. W. 308; Williford v. Richards et ux., 169 S. W. 1139, writ of error refused; Watts v. Lively, 60 S. W. 676; Patton et ux. v. Shapiro, 154 S. W. 687; Parker v. Wiggins, 86 S. W. 788; Taylor v. Deseve, 81 Tex. 246, 16 S. W. 1008. In some of these cases the rule is announced that in spite of the fact that the parent or par-

ents may have surrendered to another the care, custody, and control of their child, yet, in the absence of some circumstances tending to show that the parent is not a fit person to have the care and custody of said child, the agreement by which the parent surrendered the custody to another will be disregarded where the parent desires to recover the custody of the child. There are a number of cases which sustain the action of the trial court in denying to the parent the right of custody of a minor child, such as Matthews v. Kirkland, 186 S. W. 423, Bridgewater v. Hooks, 159 S. W. 1004, Ball v. Smith, 156 S. W. 576, and Schneider v. Schwabe, 143 S. W. 265, but we believe that in each of these cases it will be found that facts were in evidence tending to show that the parent was not a fit person, or was not in a position to give to the child wholesome, moral surroundings and influences, and to maintain and educate it. The fact that the father's circumstances are such that his child would be less comfortably reared in his custody than in that of its grandparents does not overbalance the advantage which the law presumes the child would have from the association and care of its father, when there is no evidence that the father is unworthy of the trust. Watts v. Lively; Patton v. Shapiro; Williford v. Richards; Hall v. Whipple, supra.

Hence we conclude that the trial court erred in so much of the judgment rendered as awarded the custody of the minor child to the grandparents for the vacation period. As the father is a fit person to have the care, custody, and control of the child for the nine months of the year, and the evidence fails to show any disqualification existing in the father for such custody during the other three months, it follows that he is a fit person to have the care, custody, and control during the entire year, and that under the authorities cited and for the reasons given the trial court should have rendered a judgment awarding the custody of the minor child to the father for the entire time.

A controversy of this kind is unfortunate, not only so far as it may affect the parties to it, but especially as to the unfortunate subject of the controversy, the innocent child, who doubtless loves both its grandparents and its father and stepmother, and whose happiness and well-being will largely be conserved by allowing any ill feeling on the part of its parents and grandparents, the persons naturally nearest and dearest to it, and who naturally inspire the strongest trust and confidence of its young heart.

The judgment is reformed so as to award the care, custody, and control of the minor, Dona May Carter, to its father, appellant here, for the entire time, and, as so reformed, the judgment is affirmed.

Reformed and affirmed.

---

⬤⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes