**POSS et al. v. ANDERSON et al.**

**No. 5678.**

Court of Civil Appeals of Texas. Amarillo..

June 11, 1945.

Rehearing Denied July 9, 1945.

Reeder & Reeder, of Amarillo, and Beavers & Beavers, of Winnsboro, for appellants.

Eli Willis, of Dumas, and Art Schlofman, of Dalhart, for appellees.

STOKES, Justice.

This suit was instituted on January 29, 1944, by the appellants, Nell Poss and her husband, R. F. Poss, against the appellees, Sherman Anderson and his wife, Helen Anderson, to recover the custody of Doloris Moore and Adrian Moore, the daughter and son of Mrs. Poss by a former marriage to John C. Moore, who is also the father of the appellee, Helen Anderson.

John C. Moore and his wife were divorced on March 25, 1941 in a suit filed by him in the District Court of Moore County. They separated, however, on February 9, 1940, at which time Doloris was five years of age and Adrian was about sixteen months of age. The family

had been living on a farm near Dumas and when the parents separated Mrs. Moore took the children to her former home at Winnsboro in Wood County, where her mother resided, and obtained employment by which she supported herself and the children until August 15, 1940. It seems that through correspondence with Mrs. Moore, Mrs. Anderson was apprized of the fact that the child Adrian was not in good health and she, together with her husband and her father, J. C. Moore, went to Winnsboro to visit Mrs. Moore. At that time Adrian was suffering from stomach troubles and Mrs. Moore was also in poor health. In conversations between Mrs. Moore, John C. Moore, Sherman Anderson, and Helen Anderson, it was agreed that the Andersons would take the children back to Dumas and keep them in their home for an indefinite time, and this agreement was carried out. Mrs. Moore's health continued in a delicate state but she was able to work part of the time, and in October 1940 she returned to Dumas and visited in the home of the appellees for several days. On that occasion the appellee, Helen Anderson, told her that she would not retain the custody of the children unless she was assured it would be permanent and proposed to Mrs. Moore that they enter into a written contract to that effect. The contract was prepared and executed by all of the parties, including John C. Moore. Mrs. Moore married her present husband, R. F. Poss, on March 27, 1941, and thereafter they made a number of efforts to regain custody of the children.

On November 26, 1943, Eli Willis, an attorney at Dumas, filed an affidavit in the District Court of Moore County, in which he alleged that Doloris and Adrian Moore were neglected and dependent children except for the support they were receiving from the appellees, and on December 7, 1943, a judgment was entered decreeing the children to be neglected and dependent and awarding their custody to the appellees. On November 26, 1943, the same day the affidavit alleging the dependency of the children was filed, the appellees filed in the same court their application to adopt the children, and on December 7, 1943, the same day the judgment declaring them to be neglected and dependent was entered, an order was entered by the court granting the petition of appellees to adopt the children and their custody was again awarded to appellees. Neither Mrs. Poss nor her husband had any notice of either of the last-mentioned proceedings until a day or two before the instant case was tried, and they thereupon filed an amended petition in which they prayed that the court set aside the judgment and order under which the children were declared to be neglected and dependent children and the order granting the application of the appellees to adopt them, in addition to the relief prayed for in their original petition.

Defendants answered by the general issue, numerous special exceptions, and set up the contract under which the appellant, Nell Poss, had agreed that appellees should have the custody of the children. They made numerous other allegations but we do not deem it necessary to detail them here.

The case was submitted to the court without the intervention of a jury, and on September 21, 1944, judgment was rendered setting aside the order of the court declaring the children to be neglected and dependent and also the order granting the application of the appellees to adopt the children. The court found that the appellant, Nell Poss, had theretofore voluntarily transferred her minor children, Doloris and Adrian, into the custody, care, and control of the appellees; that the children had remained in their custody since about January 1, 1941, and that it was for their best interests that they continue in the custody and under the control of the appellees. The judgment accordingly decreed the custody and control of the children to the appellees and appellants duly excepted, gave notice of appeal, and have brought the case to this Court for review.

Appellants present the case here upon four assignments of error in which, in various ways, they assail the judgment of the court upon the ground that there was no evidence to support the conclusion that it would be for the best interests of the children that their custody be committed to the appellees, nor to support the judgment so awarding their custody.

■ ■ It has many times been said by the courts of this State, as well as other States of the Union, that in cases of this kind the principal concern of the courts is the welfare and best interests of the child or children involved. The salient question in this particular case is whether the evidence is of such nature as to warrant the court in taking from the appellants, particularly Mrs. Poss, mother of the children,

the permanent custody of her children and placing such custody in the appellees. In the case of State ex rel. Wood v. Deaton, 93 Tex. 243, 54 S.W. 901, our Supreme Court held, in effect, that before the courts are warranted in depriving parents of the custody of their children and placing such custody in others, it must be established with reasonable certainty that the interests of the children demand that they be taken from their parents and placed or continued in the possession of others. That principle has been adhered to consistently by our courts and it is sanctioned by every precept of the law and sentiment of the human heart. The testimony warrants the conclusion of the court that both the appellants and the appellees are fit persons to have the custody of the children and that a good home would be furnished them by either the appellants or the appellees, but no reason is given for the conclusion that the best interests of the children would be subserved by decreeing their custody to the appellees, and we are unable to find any valid reason therefor in the record.

 Appellees contend that Mrs. Poss had deserted her children and by written agreement committed their care and custody to the appellees, and that these acts on her part were sufficient to form a valid basis for the judgment of the trial court. We do not find any evidence of neglect or abandonment by Mrs. Poss. It is true that within a few months after she and her former husband, John C. Moore, separated she permitted appellees to take the children from Winnsboro back to Dumas for an indefinite time, but the facts show that she had every reason to believe that appellees would care for them in the proper manner and return them to her when her health improved to the extent that she would be able to have their custody and again assume the responsibility for their welfare. Within about two months thereafter she visited appellees and the children in Dumas. At that time she delivered to Mrs. Anderson clothing and provisions of considerable amount and then, as well as upon all other occasions, she showed every consideration a mother could, under the circumstances, have shown for the welfare and interests of her children. It was upon that occasion that Mrs. Anderson informed Mrs. Moore she was not disposed to retain the care, custody, and control of the children unless she was assured that her custody of them would be permanent and she de-

manded that Mrs. Moore execute a written contract to that effect. Mrs. Moore testified that she did not want to sign the contract. She said she did not think it was right for her to be permanently deprived of her children and she discussed the matter with John C. Moore, the children's father, who also resided at or near Dumas, and told him that if he would give her even a small amount of assistance she could support the children and would not have to sign the contract. Instead of acceding to this reasonable request, John C. Moore told her he could not and would not help her support them and that the best thing she could do was to let the Andersons have the children and to go ahead and sign the contract. The testimony shows that Mrs. Moore was still in delicate health and unable to work regularly. Moreover, the parties were related and the children had been closely associated with the Andersons before their parents were separated and the appellees had always shown affection for them and interest in their welfare. We think it is conclusive from the testimony that Mrs. Moore was at that time, and without any fault of her own, laboring under such adverse conditions and circumstances that she was practically compelled to accede to the demands of Mrs. Anderson. The nature of the employment in which she was engaged was not lucrative and her remuneration could not have been more than barely enough to support her and the children even if she had been steadily employed and, as we have said, she was in frail health and unable to work regularly. The children's father flatly refused to render any assistance whatever and increased the pressure upon her by advising her, in effect, that her only alternative was to accede to Mrs. Anderson's demands. We do not find anything in the testimony which warrants the conclusion that Mrs. Poss abandoned or neglected her children to any extent beyond that to which her circumstances forced her, nor do we consider the contract any evidence of such abandonment.

It is true the children remained in the custody of the appellees for about three years and four months before the suit was filed, but the evidence shows that appellant, Nell Poss, exercised every reasonable effort to regain the custody of her children as soon as her circumstances were such that she could give them reasonable care, attention, and support. Within a few months after her marriage to R. F. Poss

she and her husband visited the Andersons and the children in the Anderson home for several days and on that occasion Mrs. Poss made an effort to induce the Andersons to give the children back to her, which they refused to do. Again, on June 15, 1943, she went to Dumas on a visit to the Andersons and the children, and made another effort to induce the Andersons to relinquish their possession of the children, but was again refused. On November 24, 1943, she and her husband again went to Dumas for a visit with the appellees and the children, at which time they again requested appellees to relinquish their possession of the children, which request was refused. Upon each of these occasions, and in response to every other effort she made to obtain possession of her children, she was told by the appellees, particularly Mrs. Anderson, that she had executed a written contract in which she had agreed that appellees might have the custody of the children, that appellees intended to stand by the contract, and they expected her to do likewise. Finally, on the occasion of the visit of November 24, 1943, she informed Mrs. Anderson that she intended to recover the possession of her children and that she would institute legal proceedings for that purpose, if necessary. This precipitated hard feelings and Mrs. Anderson ordered appellant from her home under circumstances that impelled the conclusion that further peaceable efforts to procure custody of her children would be fruitless and she immediately instituted this suit.

Appellees place much stress upon the fact that the children have been with them for more than four years and new relationships and sentiments of love and affection have grown up between the children and themselves which probably exceed those that now exist in the minds and hearts of the children for their mother. They say it would not be for the best interests of the children to have those relationships disturbed after they have existed for so long a time. In our opinion, appellees are not in a position to stress the length of time the children have been in their home as members of their family, because, according to the undisputed testimony, Mrs. Poss and her husband visited the Andersons in November 1941, only about one year after the Andersons had taken the children into their home, and informed the Andersons they wanted the children. Mrs. Poss testified, without con-

tradiction, that Mrs. Anderson finally agreed that if Mrs. Poss would permit the children to remain until Christmas she would bring them to Mrs. Poss. Mrs. Anderson failed to return them the next Christmas and Mrs. Poss then wrote several letters to her in which she urged Mrs. Anderson to bring the children to Winnsboro. She offered to pay all expenses that might be incurred in so doing, but Mrs. Anderson declined to release them. Mrs. Poss made two trips to Dumas in 1943, upon one of which she was accompanied by her husband, and tried each time to induce Mrs. Anderson to release the children to her. Mrs. Anderson steadfastly declined all of these requests and she is not now in a position to take advantage of any additional time she gained by her refusal to comply with them. There was no evidence of any preponderance of affection on the part of the children for Mrs. Anderson. For all the record shows, their affection for their mother is as great as that of any other children but, granting that, in view of their tender ages and the length of time they have spent in the home of the Andersons, their affection for Mrs. Anderson is slightly greater at this time than it is for their natural mother, we see no reason to fear, or even doubt, that within a short and insignificant time conditions in that respect will assume their normal status if the reunion of the family is effected.

The evidence shows, without dispute, that appellants own their home near Winnsboro, consisting of sixty-five acres of land and a new four-room house, and other improvements; that they own a number of milch cows, hogs, chickens, household furniture, and everything necessary to the comfort and welfare of the family, including the two children; that the husband is employed as an oil-well driller at wages varying from three hundred to four hundred dollars per month; and that both R. F. Poss and his wife are in good health and that they are good Christian people; that they are consistent members of the church and attend its services and Sunday school with reasonable regularity; that they stand well in the community; and that Mrs. Poss is an excellent housekeeper. Moreover, her husband is not only willing but anxious for the children to live with them. He testified that he is willing to support the children and give them every advantage in life of which he is capable. It is also true that the appellees are possessed of a fairly commodious home at Dumas and are cap-

able of giving the children a good home. In fact, the testimony warrants the conclusion that the qualifications and ability of the contending parties to furnish a suitable home for the children are practically equal. Where such conditions prevail, it has many times been said by the courts that the natural parents should be awarded the custody of their children. Smith v. Moore, Tex.Civ.App., 171 S.W. 822; Garner v. Bowles, Tex.Civ.App., 233 S.W. 300; Williford v. Richards, Tex.Civ.App., 169 S.W. 1139; Davis v. Sears, Tex.Com.App., 35 S.W.2d 99; State ex rel. Wood v. Deaton, 93 Tex. 243, 54 S.W. 901.

 Appellees resist the contentions of appellants upon the ground that Mrs. Poss voluntarily relinquished her right to the custody of the children by executing the contract of October 2, 1940, and they have included in their brief cross assignments of error to the effect that the court erred in setting aside the judgment decreeing the children to be dependent and neglected and the judgment granting the petition of appellees to adopt them. This Court is without jurisdiction to consider the cross assignments of error, because appellees did not except to the judgment entered by the trial court. Walker-Smith Co. v. Coker, Tex.Civ.App., 176 S.W.2d 1002; Hardwicke v. Trinity Universal Ins. Co., Tex.Civ.App., 89 S.W.2d 500. However, the law is well settled in this State that an attempted transfer by parents of their children from themselves to other persons is not binding upon either them or the children and can not be enforced, because neither the children nor their custody constitute a proper subject matter of contract. Legate v. Legate, 87 Tex. 248, 28 S.W. 281.

The trial court was eminently correct in setting aside its former judgment and order in which the children were decreed to be dependent and neglected children, because there was no ground whatever to support it, and the court was likewise correct in setting aside its former order permitting appellees to adopt the children, because that order was based upon the former order in which they were declared to be dependent and neglected children. Neither R. F. Poss nor Nell Poss had any notice whatever of either of those proceedings and they therefore had the right to attack them upon the ground that the circumstances of the children did not warrant the court in entering the orders. De Witt v. Brooks, Tex.Sup., 182 S.W.2d 687.

From what we have said, it follows that, in our opinion, the court below erred in rendering judgment in favor of the appellees and in decreeing to them the custody, care, and control of the two children, Doloris and Adrian Moore. The case appears to have been fully developed and we conceive of nothing that can be gained by another trial. The judgment of the court below will therefore be reversed and judgment here rendered decreeing the custody, care, and control of the children to the appellants, Nell Poss and her husband, R. F. Poss.