## OCHOTORENA et al. v. GALARZA.

### No. 4530.

Court of Civil Appeals of Texas. El Paso.
Oct. 9, 1947.

A. C. Gonzalez, of El Paso, for appellants.

Fryer & Milstead, of El Paso, for appellee.

McGILL, Justice.

This is a child custody case. By application for writ of habeas corpus appellee, the

maternal grandfather of Ernesto Ochotorena, Jr., a boy approximately seven years of age, sought to recover custody of the child from appellant, Ernesto Ochotorena, Sr., his father, and Cuca Ochotorena, his paternal grandmother. Trial was to the court. Judgment was rendered awarding custody of the minor to his father, Ernesto Ochotorena, Sr., "with the provision that the maternal grandparents, Enrique Galarza and his wife, Mrs. Enrique Galarza * * * shall have the custody of the child from 1:30 P.M. each Saturday until the following Sunday at 4:30 P.M. * * *"

By appropriate points appellants complain of that portion of the judgment which awards part time custody to the maternal grandparents.

The case is before us without a statement of facts. However, at the request of appellants the court filed findings of fact and conclusions of law. We reproduce those findings of fact which we deem material:

1. "I find that the petitioner, Enrique Galarza and his wife are the maternal grandparents of the minor child Ernesto Ochotorena, Jr., who is now approximately seven years of age, and who is the only child of Ernesto Ochotorena, Sr., and his deceased wife, Petra Galarza Ochotorena, the latter having died February 10, 1946."

"7. That the petitioners, Enrique Galarza and his said wife, have had charge, custody and control of the said minor child for a greater part of the time during the lifetime of his mother while she worked in various stores in El Paso."

"15. That both the parties hereto are proper persons to have care, custody and control of the minor child, Ernesto Ochotorena, Jr."

"19. That the best interest of the minor child is that he retain his relationship with his maternal grandfather, Enrique Galarza, and his maternal grandmother and their children, and cement the ties existing between them."

It is apparent from the judgment and finding 15 that the father of the child, Ernesto Ochotorena, Sr., is a fit and proper person to have his custody and is in no way disqualified to have such custody. We think it also apparent that he has never voluntarily surrendered or relinquished his right to have such care and custody. We interpret finding 7 as indicating a temporary leaving of the child by his parents with his maternal grandparents for the convenience of the parents while his mother "worked in various stores in El Paso" and in no sense as a surrender or relinquishment of custody by the parents or either of them. The relationship with his maternal grandparents and the ties existing between them which by finding 19 the child's best interests require should be retained and cemented have arisen from this temporary leaving and not from a surrender or relinquishment of custody.

As revealed by finding 1, the child's mother died on February 10, 1946. Article 4118, R.C.S. of 1925, in part is as follows:

"If the parents live together, the father is the natural guardian of the person of the minor children by the marriage. If one parent is dead, the survivor is the natural guardian of the person of the minor children."

From the findings it appears that the father has had custody of the child since the death of his mother. On these findings the court erred in awarding part time custody to the maternal grandparents. In the State ex rel. Carouthers v. Dowdell, Tex.Civ.App., 168 S.W. 2, 4, writ refused, the mother died while visiting her parents with the child. Before her death she attempted by an instrument in writing to give custody of the child to her mother. In a habeas corpus proceeding the trial court denied the father the right to custody. In reversing and rendering the judgment, the court said:

"(1) These facts did not authorize the trial court to deny appellant the right to the custody of his child. While it has been uniformly held that in cases of this kind the best interest of the child should determine the question of its custody, it is equally well settled that the presumption is in

favor of the parent, and, in the absence of evidence showing the disqualification of the parent for the proper discharge of his parental duties, he has a paramount right to the custody of his child which the courts are not at liberty to disregard. State v. Deaton, 93 Tex. 243, 54 S.W. 901; Watts v. Lively, [Tex.Civ.App.] 60 S.W. 676; Parker v. Wiggins, [Tex.Civ.App.] 86 S. W. 788; Sancho v. Martin, [Tex.Civ.App.] 64 S.W. 1015; Hall v. Whipple, [Tex.Civ. App.] 145 S.W. 308.

"A strict observance of this rule is essential to the welfare of society. To disregard it, or to lightly set it aside, is to invade the sacredness of that love and sense of responsibility which God has implanted in the heart of the parent for his offspring, and will necessarily tend to either destroy or weaken the love of the parent for the child or arouse in him a feeling of injustice and resentment which is likely to stifle all of his highest aspirations and to result in evil to society."

Castro v. Castellanos, Tex.Com.App., 294 S.W. 525, is distinguishable. In that case the father had never voluntarily surrendered or relinquished his right to custody, but he had lost it in a divorce proceeding, and the evidence raised an issue of the father's unfitness to have custody, which the trial court did not determine.

It would serve no useful purpose to quote from or discuss the oft cited cases of Legate v. Legate, 87 Tex. 248, 28 S.W. 281, and State ex rel. Wood v. Deaton, 93 Tex. 243, 54 S.W. 901. They have been ably discussed and analyzed by the Commission of Appeals in Dunn v. Jackson, Tex.Com. App., 231 S.W. 351; Duckworth v. Thompson, Tex.Com.App., 37 S.W.2d 731, and Davis v. Sears, Tex.Com.App., 35 S.W.2d 99, and by many of the Courts of Civil Appeals. Suffice it to say that in none of those cases nor in any which has come to our attention was there an attempt by grandparents to take from a parent custody of a child which the parent had never voluntarily surrendered or relinquished where such parent was a suitable person and in no way disqualified to have such custody, and whose natural or statutory right to custody had never been "forfeited by misconduct or lost through misfortune." We hold that a father who is a suitable person to have the care and custody of his minor child and is in no way disqualified therefor, and who has never voluntarily surrendered or relinquished such custody and whose right to such custody has never been "forfeited by misconduct or lost by misfortune" is entitled to retain such custody as a matter of law against any claim thereto of the maternal grandparents. That such is the law is clearly indicated in the opinions of our Supreme Court and the Commission of Appeals in the cases above cited, although under the facts presented in those cases the question did not arise since there was either a surrender or relinquishment of custody by the parent, or such custody had been forfeited or lost.

The judgment is reformed so as to eliminate the provision which awards the custody of the child to the maternal grandparents, Enrique Galarza and Mrs. Enrique Galarza from 1:30 P.M. each Saturday until the following Sunday at 4:30 P.M., and as so reformed is affirmed.

Reformed and affirmed.