**DANIEL v. WATSON et al.**

No. 3031.

Court of Civil Appeals of Texas. Waco.

May 22, 1952.

282

H. L. Williford, Hugh D. Reed, Jr., Fairfield, for appellant.

Guy Rall, Houston, for appellees.

HALE, Justice.

Appellant, J. B. Daniel, as Superintendent of Daniel Memorial Orphanage, instituted this proceeding against the separated parents of three minors, seeking to have each minor adjudged to be a dependent and neglected child and to have the legal custody of each awarded to ·the Orphanage. W. T. Watson, the father of the children, .acting by an attorney, filed an answer in the cause, contesting the application, but before the trial the attorney·withdrew from the case and the father made no further appearance, either by attorney or in person. Mrs. Watson, the mother of the children, appearing in person and by attorney, contested the application and prayed that the custody of the children be awarded to her.

The contested application was heard before a jury. Upon the conclusion of the evidence the court submitted six' special issues to the jury. No objection was made to the court's charge and no request was made for the submission of any additional issue or charge. In response to issues 1, 2 and 3 the jury failed to find from a preponderance of the evidence that either of the three minors was a dependent or neglected child as defined in Art. 2330 of Vernon's Tex.Civ.Stats. In response to issues 4, 5 and 6, the jury found from a preponderance of the evidence that the mother of the children was a fit person to have their custody and care; that her home was a suitable place in which to rear them; and that the welfare of the children would be best served by placing them in her custody. Thereupon, the court rendered judgment denying appellant's application, decreeing that the minors were not dependent or neglected children and awarding their custody to their mother, Mrs. Hattie Watson.

By the five points upon which his appeal is predicated, appellant says the judgment should be reversed because: (1) "the findings of the jury with respect to special issues No. 1, 2 and 3 are not supported by the evidence"; (2) "the verdict of the jury is contrary to the law of this

state"; (3) "the court erred in not submitting the issue of the fitness of the defendant W. T. Watson to the jury"; (4) "the pleadings and evidence do not support the findings of the jury with respect to special issues No. 4, 5 and 6"; and (5) "the court erred in allowing improper and prejudicial questions to be asked." In our opinion no reversible error is presented by any of the foregoing points for reasons which we shall note briefly.

Since the jury did not make any affirmative finding in response to issue 1, 2 or 3, no evidence whatsoever was necessary to support its negative answer to each of these issues. The burden of proof was upon appellant to show by a preponderance of the evidence that the minors were dependent and neglected children as alleged by him and if the jury failed to find that any of the minors was a dependent or neglected child as defined by statute, it was the duty of the jurors to answer "no" to each of these issues, as they did, even though no evidence had been submitted tending to show that the children were not dependent or neglected. Furthermore, having failed to establish the fact that the minors were dependent or neglected children, appellant was not entitled to deprive their natural parents of the legal custody of their offspring, even though the pleadings or evidence did not support the findings of the jury to special issues 4, 5 and 6. Brooks v. DeWitt, Tex.Civ.App., 178 S.W.2d 718; Id., 143 Tex. 122, 182 S.W. 2d 687, certiorari denied 65 S.Ct. 1196, 325 U.S. 862, 89 L.Ed. 1983; Kelly v. Page, Tex.Civ.App., 186 S.W.2d 735, er. ref. w.o.m.; State ex rel. Wood v. Deaton, 93 Tex. 243, 54 S.W. 901.

However, we think the evidence as a whole was sufficient to support findings to the effect that these minors were not dependent or neglected children as defined in Art. 2330 of Vernon's Tex.Civ. Stats., that Mrs. Watson was a fit person to have their care and that their welfare would be best served by awarding their custody to her. Appellant testified upon the hearing that sometime in the latter part of October, 1948, the father of the children requested that they be admitted to the Orphanage, advising that their mother had left them and he was unable to care for them; that appellant wrote out an agreement with respect to the custody of each child and the father evidenced his consent thereto by placing an "X" opposite his name; and that the Orphanage had taken care of the children from then until the time of trial. The purported agreement was introduced in evidence but it does not appear in the record. Mrs. Watson testified in substance, among other things, as follows: she was compelled to leave her husband on or about August 23, 1948, because of his cruel treatment toward her and she was obliged to leave the children at home with her husband at that time because of her lack of funds and her husband's threats against her life; she went from her home in Velasco, Texas, to Dallas and later to California; while in California she learned that her husband had placed the children in Daniel Memorial Orphanage and she wrote the Orphanage about the children but received no reply; she moved to Houston, Texas, in April, 1950, where she instituted an action against her husband for divorce and the custody of their children; she sought possession of the children from appellant but he refused her request; she had wanted the custody of her children at all times and had never consented at any time for them to be placed in the Orphanage or for her husband to deliver their custody to anyone; she operates a cafe in Houston and employs four other persons to help her; she has a good income from her business, is able to provide for her children, has made arrangements for a five-room house in which to live and has arranged with an aunt to take care of the children during her absence from home while attending her duties at the cafe.

In passing upon the sufficiency of the evidence to sustain the verdict and judgment appealed from, it is the duty of this court to consider the evidence as a whole and all reasonable inferences and deductions that may properly be drawn therefrom in the light most favorable to the contentions of Mrs. Watson. When viewed in that light, if the state of the

evidence was such as to warrant and support the answers of the jury to the special issues submitted, as we think it was, then under the law applicable thereto the verdict was undoubtedly sufficient to authorize, if not to require, the trial court to render the judgment which was rendered in the cause. Arts. 2330–2337 of Vernon's Tex.Civ.Stats.; Poss v. Anderson, Tex. Civ.App., 188 S.W.2d 726, er. ref. w. o. m.; Oldfield v. Campbell, Tex.Civ.App., 191 S.W.2d 897; Norris v. Norris, Tex.Civ. App., 194 S.W.2d 813; Nelson v. Clifton, Tex.Civ.App., 202 S.W.2d 471, er. ref. n. r. e.; Sutter v. Yutz, Tex.Civ.App., 223 S. W.2d 554, er. dis.

 Under the record before us we do not see how any right of appellant has been prejudiced by the failure of the trial court to submit to the jury any issue as to the fitness of W. T. Watson to have the custody of these children. Even though the issue had been raised by the evidence, no answer which the jury might have made to the same would have been of any controlling effect in so far as a correct disposition of the cause is concerned. Furthermore, since appellant did not request the submission of any such issue, he must be deemed to have waived the same. Rule 279, T.R.C.P.

In his brief appellant refers to certain questions which he contends the trial court improperly allowed to be propounded to him while he was testifying under cross examination at the hearing. He says the substance of the questions was whether he believed in having medical doctors to treat the children in the Orphanage and whether the children were permitted to engage in football or to play in the High School Band. Although appellant made no objection to any of the questions at the time they were propounded, he argues that "the asking of these improper and prejudicial questions so inflamed and prejudiced the jury's mind that a fair and impartial consideration by the jury was impossible." He did not request the court to withdraw any question or answer from the consideration of the jury and he did not request the court to declare a mistrial. We have examined all the questions propounded to the witness and all the answers which he made to such questions, but we find nothing in the questions or answers, or in the record as a whole, which in our opinion sustains the contention or argument urged by him.

Finding no reversible error in the judgment appealed from, it must be and is affirmed.

LESTER, C. J., took no part in the consideration or disposition of this case.