### REDMON v. LEACH.

#### No. 12724.

Court of Civil Appeals of Texas. Dallas.

May 27, 1939.

Rehearing Denied July 8, 1939.

F. A. Greene, of Eufaula, Okl., and John W. West and W. H. Hall, both of Dallas, for plaintiff in error.

E. P. Bryan, of Dallas, for defendant in error.

LOONEY, Justice.

On February 3, 1937, M. H. Leach, a resident citizen of Dallas County, Texas, filed, in the County Court of Dallas County, Texas, an application to be appointed guardian of the person and estate of Beatrice Redmon (or Redman), a colored, unmarried woman, 35 years of age, domiciled in the State of Oklahoma, having resided all her life in the City of Eufaula, McIntosh County, owning an estate situated in Dallas County, Texas, consisting of real and personal property, chiefly real estate, worth several thousand dollars, which she inherited on the death of her mother in October, 1936. The applicant for letters alleged that, Beatrice resided in Dallas County, Texas, but was temporarily in Eufaula, Okla.; that she was a person of unsound mind; that her parents were both dead; was without a guardian; that necessity existed therefor, and that applicant was in no way disqualified under the law to serve as such.

On filing the application in the County Court of Dallas County, the clerk issued a notice (set out in full later), which was duly posted by the sheriff of Dallas County. The application was heard, in the absence of Beatrice Redmon, or anyone representing her interests, on February 23, 1937, and was sustained, the court appointing Leach guardian of both her person and estate, who immediately qualified by taking the oath and giving the bond required by statute.

Beatrice Redmon was not served with citation, or any character of notice, and was totally ignorant of the proceedings just mentioned until a short time prior to May 26, 1937, on which day, through her attorneys, she filed in said cause a pleading in the nature of a bill of review, alleging that the guardianship proceedings and all orders of court made and entered therein were void, because the court was without jurisdiction to entertain the application or to make the appointment; denied that she was a person of unsound mind, or that she was a resident of Dallas County, Tex-

as, alleging that she was, and had been during the entire period of her life, a citizen of Eufaula, Okla., and that the allegations of the applicant to the contrary were false, and fraudulently made; that no notice or citation of any kind or character, of said application or hearing, was ever served upon her, or upon anyone authorized to act for her; that, having no notice or knowledge of the proceedings, she did not appear therein, nor was she represented; wherefore, she prayed that, on hearing, all orders, decrees and other things had and done in said proceedings be canceled, set aside, and held for naught.

The guardian Leach filed an answer to the pleading just described; excepted to the same as being a collateral attack upon the orders of court, entered in the guardianship proceedings; also denied the allegations of said pleading, and reasserted the allegation that Beatrice Redmon was a person of unsound mind.

The issues raised by these pleadings came on for hearing before the County Court on June 9, 1937, Beatrice Redmon appearing in person and by her attorneys, and the guardian Leach being also present and represented by his attorney, and, after hearing evidence, the court sustained the bill in its entirety, granted the relief therein prayed for; set aside its former order appointing Leach guardian, canceled the letters of guardianship theretofore issued; the judgment reciting that, the court had been imposed upon, and a fraud perpetrated, in that, the court was led to believe that Beatrice Redmon was a person of unsound mind and that she was a resident of Dallas County, Texas, within the jurisdiction of the court; finding further that, no grounds existed for the appointment of a guardian; that the court was without jurisdiction; as the said Beatrice Redmon was a citizen and resident of the State of Oklahoma. From the judgment just recited, the guardian appealed to the district court of Dallas County, and the cause was docketed in the 101st Judicial District.

In a pleading filed in the latter court on July 31, 1937, Beatrice Redmon moved to abate and dismiss the appeal and the entire guardianship proceedings on grounds substantially the same as those set out in her original bill of review filed in the County Court. Her motion was overruled by the court below on October 6, 1937, and on November 13, following, the cause was heard, resulting in judgment in favor of Leach, the guardian, denying the relief sought in the bill of review, reciting in the judgment that, at the time of the trial and long prior to the filing of the guardianship proceedings, Beatrice Redmon was a person of unsound mind and incapable of managing her estate, and had been from infancy, that she was 37 years of age, but that she was not and is not now a resident of the State of Texas, but domiciled only in the State of Oklahoma. Therefore, the court was of opinion that it was without jurisdiction to appoint applicant guardian of the person of the said Beatrice, but appointed him guardian of her estate.

The case is before us on writ of error, and the material questions presented are these: (1) As Beatrice Redmon was a resident citizen of the State of Oklahoma, it is contended that, her status or condition of mind, that is, whether of unsound mind, was an issue to be adjudicated exclusively by the courts of the state of her domicile, therefore, the attempted adjudication of that issue by the court below, as basis or predicate for the appointment of a guardian of her property situated in Dallas County, Texas, was and is utterly void; because the court below, not only had no jurisdiction of the subject matter, but, under our American theory of government, could not have been vested with jurisdiction to determine the social status or condition of a citizen of another state, that subject belonging exclusively to the jurisdiction of the domicile of the party for whose estate the guardianship was sought. (2) Without reference to the domicile of Beatrice Redmon, it is contended that the guardianship proceedings and all orders entered therein, are void, because the court was without jurisdiction, in that, no citation, such as required by the statute of the state, was ever served upon Beatrice. (3) Also, that, the court was without jurisdiction, and its orders void, because the notice, required to be issued and posted in such proceedings, was not in compliance with the statute, was vague, meaningless, confusing and utterly void, hence constituted no notice. (4) That, in the event the contentions as to the invalidity of the proceedings for want of jurisdiction are overruled, it is urged that the finding of the trial court to the effect that, Beatrice Redmon was of unsound mind, is not supported by evidence, but against the overwhelming weight of the most reliable and credible evidence. These propositions will be discussed in the order named.

The fundamental jurisdictional question raised in the first proposition, goes to the power of a state, through its instrumentalities, that is, its legislature and courts, to determine the status, or domestic and social condition of a person domiciled within another state. Article 4132, R.S., seemingly confers this power upon the county court, the pertinent provisions of which are these: "When a non-resident minor or person of unsound mind owns property in this State, guardianship of such estate may be granted when it is made to appear that a necessity exists therefor, in like manner as if such minor or person of unsound mind resided in this State. * * *" The quoted language undoubtedly is sufficient to clothe the county court with authority to appoint guardians of property located in this state, belonging to non-resident minors or persons of unsound mind, if the legislature had the power to confer such jurisdiction.

We think it obvious that, before the power to appoint a guardian of property in this state, belonging to a non-resident minor or person of unsound mind, could be exercised, necessarily the court would have to first determine the status of such person, that is, whether of minority or unsoundness of mind, as the case might be; otherwise, the power to appoint would be wholly lacking. So, we are plainly confronted with the question, whether the court below had the power to determine that Beatrice Redmon, a citizen of and domiciled in the State of Oklahoma, was a person of unsound mind. Brown on Jur., Sec.Ed., sec. 76, p. 289, defines status of a citizen, as follows: "It is a condition of a person, such as being an infant, a slave, or a married man or woman, a ward or a prisoner". In the instant case, we are dealing with the rights of a ward, of whose estate the power to appoint a guardian was not aroused until after the court determined that she was a person of unsound mind. In Dunham v. Dunham, 162 Ill. 589, 44 N.E. 841–846, 35 L.R.A. 70, the Supreme Court of Illinois stated that "It is not doubted in any of these cases [having mentioned other cases], or by anyone, that each state has the exclusive right to determine by its own adjudication the status of its own citizens domiciled within its own jurisdiction". In Strader v. Graham, 10 How. 82, 93, 13 L.Ed. 337, Chief Justice Taney, of the Supreme Court of the United States, said: "Every State has an undoubted right to determine the status, or

domestic and social condition, of the persons domiciled within its territory". See Brown on Jur., Sec.Ed., Sec. 76, p. 289.

The same doctrine was announced by our own Supreme Court in the case of Lanning v. Gregory, 100 Tex. 310, 99 S.W. 542, 10 L.R.A.,N.S., 690, 123 Am.St.Rep. 809. The material facts of that case are these: The parents of a minor son were divorced in Texas without disposing of his custody. The father removed with the child to the State of Louisiana, and the mother, remarrying, removed with her husband to the State of Kentucky. The court held that the domicile of the child followed that of his father, and that the effect of the judgment of the district court, in a habeas corpus proceeding, awarding the custody of the child, found temporarily within the State of Texas, to its mother for a period of years, was to change the domestic status of the child from the custody of its father to that of its mother; and, further, that the district court did not acquire jurisdiction of the child by reason of his temporary presence in the state,' that such court had no authority to adjudicate a change of relation between the father and child; that neither of the parties being a resident of the State of Texas, the question at issue belonged exclusively to the jurisdiction of the domicile of the father. Citing Brown on Jur., Sec.Ed., secs. 79, 80; Taylor v. Jeter, 33 Ga. 195, 203, 81 Am.Dec. 202; Kline v. Kline, 57 Iowa 386, 389, 10 N.W. 825, 42 Am.Rep. 47.

The only reported case that we have been able to find, calling for a construction of Article 4132, is Bouldin v. Miller, 87 Tex. 359, 28 S.W. 940. The material facts are these: minors, over 14 years of age, residing in the State of California, applied to the Probate Court of Wise County, Texas, for the appointment of a guardian of property in this state, owned by them. The appointment was made at their instance; thereunder, their lands were sold, and, later, they brought an action in trespass to try title for the recovery of said lands. It seems that the regularity and purpose of the sale were the only questions raised, as the question of jurisdiction was not discussed. The suit failed and, among other things, the court said: "The statute authorizing the appointment of guardians in such cases expressly provides for the sending of money abroad to educate the nonresident minor. The nonresident minor can only dispose of his estate through the proceedings of the probate

courts of Texas, and if such courts, when authorized by statute, cannot make valid disposition of the minor's land for his education, then he might be forced to the alternative of moving into the state or foregoing the advantages of an education". 87 Tex. page 365, 28 S.W. page 940. It will be observed that the court stressed, a rule of necessity, the idea that, if the court cannot make valid disposition of the minor's land for his education, he might be forced to the alternative of moving into the state or foregoing the advantages of an education. We respectfully submit that the learned Judge, who spoke for the Supreme Court on that occasion, overlooked Chap. 13, Articles 4285–4289, providing for ancillary guardianships, under which administration may be had of property located in this state, for the benefit of minors domiciled in another, hence, the rule of necessity and the alternative mentioned could not exist.

■ We conclude, therefore, that, in view of the doctrine announced in the authorities cited, where, as in the instant case, the appointment of a guardian involves the necessity for the court making the appointment, to first adjudicate and determine the status, whether of minority or of unsoundness of mind, of a non-resident, for whose estate a guardian is sought, the court not only is without jurisdiction, but that, any attempt of the legislature to confer such jurisdiction would be ineffective; to say otherwise, would be to ignore the doctrine announced by Judge Taney, and other authorities cited, to the effect that, "Every State has an undoubted right to determine the status, or domestic and social condition, of the persons domiciled within its territory". But, aside from the want of power in the court below, to appoint a guardian of the estate of the non-resident, based upon an adjudication as to her status, we are of opinion that, the court was without jurisdiction, for the want of personal service of citation upon the non-resident, or the posting of a sufficient notice of the application for guardianship, as required by statute. The application alleged that, Beatrice Redmon was a female, about 35 years of age, of unsound mind, and prayed that notice of the application be given, as required by law, but did not pray for the issuance and service of citation and, in fact, no citation was ever issued for, or served upon the non-resident. Articles 4114 and 4115 of the statute provide for the issuance and posting of notice on the filing of an application for letters of guardianship, and Article 4116 provides that, "A minor fourteen years of age or over shall be personally served with citation to appear and answer such application, * * *". Article 4274 provides that, "Each provision of this title relating to the guardianship of the persons and estates of minors shall apply to the guardianship of the persons and estates of persons of unsound mind, and habitual drunkards, in so far as the same are applicable".

■ In Bearden v. Texas Company, 60 S.W.2d 1031, 1034, construing these statutes together, the Supreme Court said: "It appears that when articles 4114, 4115, and 4116 are read in conjunction with article 4274, supra, the method of issuing and serving notice in guardianship proceedings for the appointment of a guardian for persons of non compos mentis are *fully defined. In other words, Article 4274 requires that notice and citation shall be issued in cases involving insanity in the same manner as in cases involving minors".* It follows, therefore, that, as Beatrice Redmon was over 14 years of age, she should have been served personally with citation. But it may be said that, being of unsound mind, personal service of citation could serve no useful purpose. It must be borne in mind that, she was presumed to be sane, as the only imputation against her sanity was the unsupported allegation. The rule is that, until overcome by proof, the presumption will be indulged that, a person is mentally sound, possesses ordinary intelligence, judgment and discretion, and is competent to transact ordinary business. Therefore, in the absence of personal service, we conclude that, the court below was without jurisdiction, and that its order appointing the guardian and all proceedings had thereunder, are void.

■ We also think that the notice, issued and served in an effort to comply with Articles 4114 and 4115 of the statute, was insufficient and ineffectual, in that, it failed to follow the allegations of the application, but was contradictory thereof and misleading. The application alleged that Beatrice was 35 years of age and of unsound mind. The notice issued and posted reads: "To all persons interested in the welfare of the N.C.M. Beatrice Redman, M. H. Leach has filed in the County Court of Dallas County, an Ap-

plication for Letters of Guardianship upon the person and estate of the above named N.C.M. which will be heard and acted upon at the session of said court, commencing on the first Monday after service hereof is perfected, said returnable date being now here fixed as Monday, February 15th, 1937, at which time all persons interested in the welfare of said minor may appear and contest said application if they see proper to do so."

 It will be observed that the notice failed to state the age of Beatrice or that she was a person of unsound mind; on the contrary, refers to her simply as the "N.C.M.", and, after naming the date for hearing, says " * * * at which time all persons interested in the welfare of said minor may appear and contest said application if they see proper to do so". No doubt the letters N.C.M. were intended to describe Beatrice as a non compos mentis, but the group of letters has no such legal significance, in fact, no meaning whatever of which the court should take judicial notice. Besides, the subsequent reference to her as "said minor" is contradictory of the allegation describing her as a person 35 years of age, and is confusing. The purpose of the posted notice, is to arrest the attention of some relative or friend interested in the welfare of the person whose estate is being dealt with. We are of opinion that the notice was inadequate to call attention to the fact that the individual described therein was the person whose estate was sought to be administered under guardianship, in legal effect no notice, and was insufficient to confer jurisdiction on the county court. See Story v. Story, Tex.Civ.App., 105 S.W.2d 370, writ refused.

 However, if it can be correctly said that, the court had jurisdiction, plaintiff in error makes the further contention that, its finding to the effect that, Beatrice was of unsound mind, is not supported by evidence, but is against the weight and preponderance of the most reliable and credible evidence. This contention, in our opinion, is also well taken. Without arraying the testimony of the witnesses pro and con, it may be said that those testifying to the mental unsoundness of Beatrice had but slight acquaintance with her—the two physicians who testified to that effect (one being Dr. Leach, the applicant), were with the negro girl only about twenty or thirty minutes, and the witness who knew her

longest, had seen her only about eight times during her life; whereas, Beatrice's physician and others testifying to her mental soundness, five in number, had known and associated with her for periods ranging from fifteen to thirty years, the association of some being quite intimate. So, we conclude, that, in any event, the case would have to be reversed and remanded on the facts.

To summarize, we hold that, for all or either of the reasons heretofore stated, the courts below were without jurisdiction, and that the order appointing the guardian and all proceedings had thereunder, are void; but if, in this, it can be correctly said that we are in error, in such event, we would reverse on the facts, and remand the case for further proceedings. However, our decision is that, the judgment of the trial court be reversed, and judgment here rendered for plaintiff in error, dismissing the application for guardianship for want of jurisdiction in the courts below.

Reversed and the cause dismissed.