**In re BURGES' ESTATE.**

No. 10907.

Court of Civil Appeals of Texas.
San Antonio.

March 5, 1941.

Boyle, Wheeler, Gresham & Terrell and Richard T. Davis, all of San Antonio, for appellant.

Leonard Brown and Russell B. Wine, both of San Antonio, for appellee.

MURRAY, Justice.

On June 4, 1937, T. R. Gray filed in the Probate Court of Bexar County, Texas, an application to be appointed guardian of the person and estate of Clara Gray Burges, alleging that she was a person of unsound mind residing in Bexar County, Texas, and that her principal estate was likewise located in Bexar County, Texas. Personal service was had on Clara Gray Burges in Bexar County, Texas, and notice of said application was also given by posting.

On June 22, 1937, the day set for the hearing, Clara Gray Burges did not appear and the court appointed Bernard Ladon, Esquire, guardian ad litem of the said Clara Gray Burges for the purpose of defending the suit. The guardian ad litem filed a contest setting up, among other things, that T. R. Gray was not the proper person to be appointed guardian of the person and estate of Clara Gray Burges, but that her husband, A. W. Burges, was a proper person to be so appointed. Thereafter, A. W. Burges, husband of Clara Gray Burges, renounced his right to be appointed guardian of the estate of his wife and asked the court to appoint

the Frost National Bank of San Antonio as such guardian. On the same day, T. R. Gray filed a renunciation of his right to be appointed guardian of the person and estate of Clara Gray Burges and requested that the Frost National Bank of San Antonio be appointed as guardian of the estate and that A. W. Burges be appointed guardian of the person of Clara Gray Burges. Thereafter, the court entered its judgment finding that Clara Gray Burges was a person of unsound mind and incompetent of handling and transacting her affairs, and appointed Frost National Bank of San Antonio guardian of her estate and A. W. Burges, her husband, guardian of her person. Both the Bank and Burges duly qualified by giving bond and taking the oath required by law.

Thereafter, on March 16, 1938, Clara Gray Burges filed a motion in the Probate Court of Bexar County, Texas, asking that the entire proceedings be abated and, in the alternative, that she be declared to be a person of sound mind. On October 3, 1938, a hearing was had in the Probate Court of Bexar County and judgment entered declaring Clara Gray Burges to be a person of sound mind and discharging Frost National Bank as guardian of her estate. An appeal was taken from this order to the 37th District Court of Bexar County. The cause was then transferred to the 73rd District Court of Bexar County, and upon hearing in that court a plea in abatement was sustained upon the grounds that Clara Gray Burges was a resident of the State of California at the time the Frost National Bank of San Antonio was appointed guardian of her estate.

Judgment was entered vacating the appointment of Frost National Bank as guardian of the estate. From this judgment the Frost National Bank has appealed.

This appeal presents but one question, whether or not the Probate Court of Bexar County, Texas, had jurisdiction to hear an application for an appointment of a guardian of the person and estate of Clara Gray Burges when she was at such time a resident of the State of California. Article 4132, Vernon's Civil Statutes provides, among other things, that a guardianship of the estate of a nonresident person may be granted when such person has an estate located within the State of Texas, and it is made to appear that necessity exists for such guardianship. This article clearly gives the Probate Court of Bexar County jurisdiction to appoint a guardian of the estate of Clara Gray Burges if it was shown that she was a person of unsound mind and had an estate situated in Bexar County, Texas, of the probable value of $150,000. She was in Bexar County at the time the guardianship proceedings were instituted, she was personally served with a citation and notice of such proceedings was also given by posting. After she was served with such citation, she left Bexar County and returned to California. A guardian ad litem was duly appointed to represent her best interests at the hearing. It would seem, therefore, that the Probate Court of Bexar County would have jurisdiction to appoint a guardian of her estate, unless Article 4132 is invalid and unconstitutional.

In the case of Redmon v. Leach, 130 S.W. 2d 873, the Dallas Court of Civil Appeals, in an opinion by Justice Looney, held that Article 4132 was unconstitutional and that the Legislature of this State did not have authority to enact a law giving to the probate courts of this State jurisdiction to appoint a guardian of the estate of a person who is a nonresident of the State of Texas. In that case the Supreme Court dismissed an application for writ of error for want of jurisdiction, correct judgment. Inasmuch as Justice Looney gave a number of other reasons for the conclusion reached in the opinion, we take it that the Supreme Court did not mean to approve that part of the opinion which held Article 4132 to be invalid.

 The Legislature of this State has the power and authority to enact any statute that is not in conflict with the Constitution and valid laws of the United States and of the Constitution of this State. De Shazo v. Webb, 131 Tex. 108, 113 S.W.2d 519; Lower Colorado River Authority v. McCraw, 125 Tex. 268, 83 S.W.2d 629; Charles Scribner's Sons v. Marrs, 114 Tex. 11, 262 S.W. 722. We are unable to see any reason why the provisions of Article 4132 are invalid. Such provisions do not conflict with the Constitution of the State of Texas, and the Supreme Court of the United States has definitely held that the Legislatures of the various states do have the power to authorize the courts of one state to pass upon the social status of citizens of other states. In Hoyt v. Sprague, 103 U.S. 613, 631, 26 L.Ed. 585, the Supreme Court of the United States, speaking through Justice Bradley says:

"As the question before us is one of power and not of comity, we think there can be

no doubt that the legislature of Rhode Island, where the property was situate, had power, first, to pass laws for the appointment of guardians of the property of non-resident infants, situate in that State; and, secondly, it had power to prescribe the manner in which such guardians shall perform their duties as regards the care, management, investment, and disposal of such property; and that this power is as full and complete as where the minors are domiciled in the State.

"Not only did the power exist, but we find that it was exercised. The laws of Rhode Island gave explicit power to the Probate Court to appoint a guardian of the property of non-resident infants. The act of October 31, 1844, declared that 'the courts of probate of the several towns are hereby authorized and empowered to appoint guardians, when occasion shall require, over the property or estate of persons who reside out of the State and possess property therein.'"

The trial court erred in holding that the Probate Court of Bexar County, Texas, did not have jurisdiction to appoint a guardian of the estate of Clara Gray Burges and in sustaining the plea in abatement. Accordingly, the judgment will be reversed and the cause remanded to the District Court.