**COX et al. v. WICKS et al.**

No. 2733.

Court of Civil Appeals of Texas. Waco.

June 26, 1947.

Rehearing Denied July 31, 1947.

G. Q. Youngblood, Joe H. Jones and Bern Wilson, all of Dallas, for appellants.

Ben D. Atwell and Irwin & Irwin, all of Dallas, for appellees.

TIREY, Justice.

This is a child custody case. Miss Edith Cox of Lynchburg, Virginia filed a petition in the district court of Dallas county in which she alleged substantially that John Lambert Stephens, Jr., a minor child of the state of Virginia, who was in her lawful care, is now illegally restrained of his liberty by respondents of Dallas County, Texas. She prayed for writ of habeas corpus and asked that the child, upon hearing, be discharged from such restraint and

restored to the custody of the petitioner, and for such decrees to which she was entitled.

A. H. Mason, the qualified and acting probation officer of the Juvenile and Domestic Relations Court of the City of Lynchburg, Virginia, in his official' capacity, representing the court, filed plea of intervention in which he, among other things, averred substantially that said minor was abandoned at the age of approximately one year and that said child had no proper parental care, as provided in section 1906, Title 17, Michie's Code of Virginia, and that the child became a ward of the Juvenile Court of the City of Lynchburg, Virginia, and he prayed in effect that the doctrine of comity between the State of Virginia and Texas be recognized and that the person of John Lambert Stephens, Jr., be awarded to the care of the Juvenile Court of said city of Lynchburg, Virginia, and that he be authorized to take charge of said minor to await' the orders of the Juvenile Court of said city.

Mrs. Loy Wicks and her husband, respondents, answered to the effect that Mrs. Wicks was the mother of the child, and that the best interests of the child would be served if its care, custody and control were awarded to the respondents.

The trial court (non-jury) in his judgment found that the material allegations of the plaintiff's and intervener's petitions were false, and further found that Mrs. Loy Wicks was the proper person to have the care, custody and control of said minor, and made his award accordingly. The plaintiff and intervener have appealed.

Appellants' first point is substantially to the effect that since the evidence is undisputed that Mrs. Loy Wicks, the mother of the child, abandoned the same about the 8th of February, 1941, at which time said child was approximately one year old, said abandonment having taken place in the City of Lynchburg, Virginia, where the mother and father of the child resided, and since the duly qualified and acting juvenile authorities of said city took the care and custody of said child and exercised jurisdiction over said child for a period of more than five years, and since

the mother of the child, without the consent or authority of said juvenile authorities, abducted the child and removed it to Dallas County, Texas, without the authority of the juvenile authorities of the City of Lynchburg, Virginia, that the trial court committed reversible error in assuming jurisdiction over the person of said child to the exclusion of the juvenile authorities of said city. We think this contention must be sustained.

This record is without dispute to the effect that since 1938, the exact date not being shown, John Lambert Stephens and his wife were living in the City of Lynchburg in the State of Virginia, and that four childern had been born to them, the youngest being about one year of age in February, 1941, and the oldest being about nine years old. John Lambert Stephens failed to provide for his wife and children and his wife was forced to work a part of the time during their marriage relationship and held various jobs as a day laborer in the City of Lynchburg; that some time in the latter part of 1940, the exact date not being shown, Mrs. Stephens separated from her husband and she obtained an apartment in the City of Lynchburg and took the children to live with her. Her husband went to his mother's home in the City of Lynchburg. While Mrs. Stephens and her children were living alone, her mother-in-law and her husband came to her apartment and asked for the privilege of taking the children to his mother's home for the purpose of caring for them, and Mrs. Stephens voluntarily gave her consent for her husband to take the children and keep them. It was while the children were in the immediate care and control of their father that word came to the intervener, about 10 o'clock one cold night, that these children had been abandoned and were neglected and that they were suffering from hunger and cold. The intervener, in company with two plain clothes detectives, went to the place they were directed and found that said children were alone, suffering from cold and hunger and from lack of proper clothing. Intervener took charge of the children and placed them with Miss Cox, the petitioner herein. In a few days intervener got in touch with

the mother of the children and after some correspondence and negotiations with Mrs. Stephens' mother, the three eldest children were taken to her home. John Lambert Stephens, Jr., was left in the custody and control of petitioner, who has cared for him in a highly credible manner and sent him to school. Intervener has maintained supervision over said minor since he took charge of him in 1941, but intervener at no time filed any petition in the Juvenile Court of his city, nor did such court enter any order with reference to such minor. In the latter part of 1941, Mrs. Stephens left the city of Lynchburg and went to the State of Mississippi and was there for a time; then she went to Florida and was there for some six weeks, at which time she obtained a divorce from Stephens; and later she returned to the State of Mississippi and was married to Loy Wicks some time in 1945, and after Wick's discharge from the service they returned to Dallas to make their home. In the month of October, 1946, while the child was in school, his mother went to the school, taking a camera with her, and asked the child's teacher for the privilege of taking his picture and while she had the boy with her, presumably to take his picture, she had a taxicab waiting for her and she placed him in the taxicab and took him to Roanoke, Virginia, where she boarded a train and brought him back to Texas without the knowledge or consent of Miss Cox and the intervener.

■ Our Supreme Court in Dewitt v. Brooks, 143 Tex. 122, 182 S.W.2d 687, 691, said: "Parents may voluntarily relinquish their right to the custody of their child either by agreement or by abandonment or by such other neglect or mistreatment as will authorize the intervention of the State for the best protection of the child, and when they do so, the State has the lawful right to award the custody of such child to others. * * *"

■■ It is equally as well settled in Texas that an infant's domicile in law is that of his father, and this record is without dispute that the father's domicile was that of Lynchburg, Virginia. When the probation officer took charge of the infant child, the child was actually in the custody of his father in Lynchburg, Virginia. It is well settled that the infant being in the lawful custody of his father at the time the probation officer took charge of him and placed him in the custody of Miss Cox, the District Court of Dallas County, Texas, did not acquire jurisdiction of the child by reason of his temporary presence in Dallas County, Texas, although he was brought there by his mother. See Lanning v. Gregory, 100 Tex. 310, 99 S.W. 542, 10 L.R.A.,N.S., 690, 123 Am.St.Rep. 809. See also Redmon v. Leach, Tex.Civ.App., 130 S.W.2d 873; Clare v. Clare, Tex.Civ. App., 138 S.W.2d 220. Our Supreme Court in the case of Peacock v. Bradshaw, Tex. Sup., 194 S.W.2d 551, 554, reaffirmed the doctrine announced by our Supreme Court in Lanning v. Gregory, supra, and in its opinion, among other things, said: "The general rule is that a minor, because he is not sui juris, can neither select nor change his domicile. It is fixed by law. The domicile of his father at the time of his birth is assigned to him. His domicile follows that of his father as it changes, and is referred to that domicile without regard to the actual facts as to residence. (Point 6) * * * Jurisdiction to award custody of a minor child depends upon the domicile of the child, because judgment awarding custody carries with it domicile and domestic status. Beale's Conflict of Laws, Vol. 2, pp. 717, 718, Sec. 144.3; Restatement of the Law of Conflict of Laws, pp. 177, 178, Sec. 117; Milner v. Gatlin, Tex.Com.App., 261 S.W. 1003, 1005. A suit for the custody of a child has been referred to as an action in rem. But the res is not the child itself, its physical being; it is the status of the child."

■ It follows that it is our view that the undisputed record shows that the District Court of Dallas County, Texas, did not have jurisdiction to award the custody and control of the minor child, and that it was the duty of the district court under the habeas corpus proceeding to award the child to the duly qualified and acting probation officer of the Juvenile Court of Lynchburg, Virginia, so that such officer

might take such child back to the City of Lynchburg and let the proper court in that jurisdiction make such award of the care, custody and control of said child as provided under the laws of the State of Virginia.

Accordingly, the judgment of the District Court of Dallas County is reversed and rendered and the Clerk of the District Court is directed to issue the proper writs in accordance with this opinion.