### COX et al. v. WICKS et al.
#### No. 2733.

Court of Civil Appeals of Texas. Waco.
April 8, 1948.

G. Q. Youngblood, Joe H. Jones and Bern Wilson, all of Dallas, for appellant.

Ben D. Atwell and Irwin & Irwin, all of Dallas, for appellees.

TIREY, Justice.

This is a child custody case. The trial court in his judgment found substantially that the material allegations of plaintiffs' and intervener's petitions were false and that Mrs. Loy Wicks, the mother, was a proper person to have the care, custody and education of John Lambert Stephens, Jr., and awarded the child to his mother. There was no request for findings of fact and conclusions of law and none was filed.

The cause was transferred from the Dallas Court of Civil Appeals to our court by order of the Supreme Court and at a former day of this term this court was of the opinion that the district court of Dallas county was without jurisdiction to hear and determine the case and did not pass upon any other assignments. Cox v. Wicks, Tex.Civ.App., 203 S.W.2d 979. The Supreme Court granted writ of error and held that the district court of Dallas county did have jurisdiction of the subject matter and the judgment of this court was reversed and the cause remanded to this court (Tex.Sup., 208 S.W.2d 876), with instructions to pass upon the other assignments. The pertinent facts with relation to this case are accurately stated in the foregoing opinions.

Point 5 is: "The greater weight of the evidence showing that appellees were not fit and suitable persons to have the care and custody of said minor child, and that

it was not to the best interests and welfare of the said minor child, the trial court abused its sound discretion and committed reversible error in finding that they were such suitable persons and awarding the child's custody to appellees." Point 3 is to the same effect.

Under the doctrine announced by our Supreme Court in State ex rel. Wood v. Deaton, 93 Tex. 243, 54 S.W. 901, the appellants had the burden of showing that the best interest of the child required that his mother be deprived of his custody. After a careful review of the testimony adduced, we cannot say that they have carried such burden. The trial court had an opportunity to see the mother and hear her testimony, as well as that of her husband, the stepfather, who said in effect that he was anxious to have the responsibility of being a father to the child, as well as to see all the other witnesses and hear their testimony, and after carefully reviewing the Statement of Facts we cannot say that the evidence adduced was such that we feel we should disturb the judgment of the trial court in awarding the care and custody of this child to his mother. The rule (and the reason therefor) governing the courts in the disposition of child custody cases is clearly stated in State ex rel. Wood v. Deaton, supra, and our Supreme Court has never departed therefrom.

We have considered each of the other assignments and each is overruled.

The judgment of the trial court is affirmed.