## PARKER v. PARKER. (No. 375.)

(Court of Civil Appeals of Texas. Beaumont. June 12, 1918. Rehearing Denied June 19, 1918.)

1. DIVORCE ☞48 — GROUNDS — "CONDONATION."

"Condonation" is the forgiveness of an antecedent matrimonial offense on condition that it shall not be repeated, and that the offending spouse shall thereafter treat the injured party with conjugal kindness.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Condonation.]

2. DIVORCE ☞51—GROUNDS—CONDONATION.

Condonation is not absolute, but is based upon the repentance of the guilty party, and conditioned upon nonrepetition of the offense and future kind treatment; a violation of it in either respect reviving the original offense.

Appeal from District Court, Jefferson County; E. A. McDowell, Judge.

Suit by Beulah M. Parker against C. J.

Parker for divorce. From a decree for complainant, defendant appeals. Affirmed.

Crook, Lord, Lawhon & Ney, of Beaumont, and J. A. Pelt, of Sour Lake, for appellant. W. R. Blain, of Beaumont, for appellee.

BROOKE, J. This is a suit for divorce, the grounds of which are that there was an alleged assault and alleged false charges of marital infidelity, and various acts of ill treatment extending over two or three years, and finally leading to a permanent separation. It was relied upon by the appellant that these matters alleged and proven were forgiven, and that the offense or offenses were condoned.

[1, 2] The proposition is urged by the appellee that a condonation is the forgiveness of an antecedent matrimonial offense on condition that it shall not be repeated, and that the offending spouse shall thereafter treat the injured party with conjugal kindness, and a breach of the condition works a revival of the original offense; and her second proposition is that condonation is not absolute, but is based upon the repentance of the guilty party and conditioned upon nonrepetition of the offense and future kind treatment, and a violation of the condition in either respect revives the original offense.

In the case of Nogees v. Nogees, reported in 7 Tex. 538, 58 Am. Dec. 78, the following language is used:

" 'It is clear that the effect of renewed matrimonial cohabitation, on causes of divorce, arising from cruelty, or outrages, has not been prescribed by statute; and we may with propriety recur to the doctrines of the common law, as received in the Ecclesiastical Courts in England, on the subject. Reconciliation in that law is technically termed "condonation"; and it does not constitute, under all circumstances, a perpetual bar against complaint for antecedent offenses. Condonation is defined to be a conditional forgiveness, that does not take away the right of complaint,' in case of continuation of the injury, which operates as a revivor of former wrongs. By the ecclesiastical law, fresh acts of adultery, or fresh acts of cruelty, will revive former acts of adultery or cruelty. In Westmeath v. Westmeath, 4 Eccl. R. 490, it is said that "the force of condonation varies according to circumstances." The condonation, by a husband, of a wife's adultery, still more, repeated reconciliations after repeated adulteries, create a bar of far greater effect than does a condonation by a wife of repeated acts of cruelty, committed by a husband. In the former case, the husband shows himself not sufficiently sensible to his own dishonor and to his wife's contamination, and reconciliations, often repeated, amount almost to a license to her future adultery, so as to form nearly an insuperable and immovable bar; but the forbearance of the wife, and her repeated forgiveness of personal injury, in hopes of softening the heart and temper of her husband, and under the feelings of a mother anxious to continue in the care and nurture of her children, are even praiseworthy, and create but a slight bar, removed by the reasonable apprehension of further violence.' From these doctrines, it appears that condonation operates a bar only where there is no further ill treatment, where the offending party discharges his duty according to the marriage obligations, or where the injured party is treated with that kindness and affection due to the conjugal relation. If there be fresh cruelty or outrage, the former acts will be revived, and the impediment, raised by the reconciliation removed. It is scarcely necessary to say that, by the statute, in suits for divorce, brought for cause of adultery, if the injured party, having knowledge of the criminal fact, shall admit the guilty partner into conjugal society or embraces, such condonation will operate as a good defense, and perpetual bar to the suit. But this effect of reconciliation has not been extended beyond causes for adultery; and rules and doctrines of the ecclesiastical law, so far as they are applicable, and especially when their justice and good sense demand our assent, must be enforced.''

The doctrines here announced by the Supreme Court will justify, under the facts in this case, the judgment of the lower court. Therefore the judgment of that court is in all things affirmed.