### DAVISON et ux. v. WEISSER et ux.

#### No. 4632.

Court of Civil Appeals of Texas.
Eighth District.

April 27, 1949.

Rehearing Denied May 18, 1949.

H. O. Metcalfe, Marfa, for appellants.

Norman C. Davis, Marfa, E. B. O'Quinn, Marfa, for appellees.

PRICE, Chief Justice.

This is an appeal from the judgment of the District Court of Presidio County, in a child custody case. The action was instituted by Thomas Davison and wife, hereinafter called "appellants", against Bert M. Weisser and his wife, Mrs. Lela R. Weisser, hereinafter called "appellees", to obtain the custody of the minor child Janice Elaine Arnswald. The issues were drawn by various and sundry pleadings; trial was before the court without a jury. The court entered its judgment awarding the custody of the child to Mrs. Lela R. Weisser.

In substance the judgment is assailed as being against the great preponderance of the evidence, and as failing to subserve the best interests of the minor. Janice

was born July 13, 1947, to Fred and Lela Arnswald. This marriage was dissolved by a decree of divorce in the state of California on the 9th day of October, 1947. The decree awarded to Lela Arnswald the custody of the minor, Janice, and the two other children born of the marriage. In February, 1948, Mrs. Lela Arnswald married Bert M. Weisser, and they are, and have been at all relevant times since their marriage, residents of Washata County, Oklahoma, where they reside on a farm in which Bert Weisser has an undivided interest. Under the undisputed evidence Janice arrived in the town of Presidio on or about the 1st day of December, 1947. She was brought there by her uncle, Clyde Johnson, the brother of appellee Mrs. Weisser. Johnson delivered the child to Mrs. Pingleton, who had previously agreed to take charge of her. The agreed compensation to Mrs. Pingleton was to be $40.00 per month. Johnson paid Mrs. Pingleton for two months in advance. Janice was taken to Presidio with the consent and acquiescence of her mother. The reason for taking her was because of the fact that the climate of southern California was deemed bad for the asthmatic condition with which she seemed to be afflicted. Janice remained in the care and custody of Mrs. Pingleton for about six weeks, when on account of the illness of members of her family the care of Janice became very inconvenient. Mrs. Davison volunteered to take care of Janice and up to the date of the institution of this litigation Janice has been in her care and custody. This custody seems to have been highly competent, and everything that love and affection could provide seems to have been lavished upon the child. The child seems to have a deep affection for appellants; their home is a refined Christian home. They have manifested a desire to adopt Janice and treat her in all respects as a daughter. Her health greatly improved after she was taken to Presidio County.

During the time Mrs. Pingleton had the child in her care letters were exchanged between Mrs. Weisser and Mrs. Pingleton. Some time in January Mrs. Davison wrote Mrs. Arnswald that she had Janice. Mrs. Arnswald immediately answered the letter. From time to time Mrs. Davison and Mrs. Arnswald exchanged letters. On the 11th day of February, 1948, Mrs. Arnswald married Bert M. Weisser. They immediately came to the town of Presidio and visited with the appellants. There is testimony that Mrs. Weisser discussed with Mrs. Davison and perhaps her husband what disposition should be made of Janice. However, there is testimony sufficient to support a finding that Mrs. Weisser never agreed that Mrs. Davison should have the permanent custody of Janice. The evidence is sufficient to support a finding that Mrs. Weisser never abandoned the custody of her child Janice. It may be reasonably inferred that any expressions of doubt as to the custody of Janice were based entirely upon the assumption that the high and dry climate in and around the town of Presidio might be better for her health. In May, 1948, appellant Tom Davison wrote a letter proposing to adopt Janice. The reply to this proposition was not an outright rejection but in substance that the parties meet and at the conference determine what was best for Janice. In August, 1948, appellees came to Presidio. Appellants instituted this litigation to acquire the custody of Janice. According to the testimony, appellee Mrs. Weisser is about twenty-six years of age, has two other children, lives with her husband on a farm in Oklahoma, on which farm also live the parents of her husband. The evidence is insufficient to show that Mrs. Weisser is unfit for the custody of her child Janice. Whenever a natural parent has never abandoned her child, never surrendered same to the permanent custody of another, in the absence of showing unfitness such natural parent is entitled to the custody of the child. Legate v. Legate, 87 Tex. 248, 28 S.W. 281; State ex rel. Wood v. Deaton, 93 Tex. 243, 54 S.W. 901; Tunnell v. Reeves, Tex. Com.App., 35 S.W.2d 707; Dunn v. Jackson, Tex.Com.App., 231 S.W. 351; Wicks v. Cox, 146 Tex. 489, 208 S.W.2d 876, 4 A.L.R.2d 1.

As has been stated, the evidence herein is sufficient to sustain a finding that appellee Mrs. Weisser has never abandoned her child, never agreed to surrender its custody

to another. The evidence fails to show that she is in any way unfit for the custody of the child—in fact, the evidence would support a finding that she is in every way a fit and proper custodian for a child.

There is no error, and it is ordered that the judgment of the trial court be and is in all things affirmed.