Appeal of Joan BELCHER.

In re Gary Michael BELCHER, Dependent and Neglected Child.

No. 6552.

Court of Civil Appeals of Texas.

Amarillo.

Oct. 31, 1955.

Rehearing Denied Dec. 5, 1955.

Harris E. Lofthus, Amarillo, for appellant.

Lon Moser, Asst. County Atty., Amarillo, for appellee.

NORTHCUTT, Justice.

On July 8, 1954, a petition was filed in the Court of Domestic Relations in and for Potter County, Texas to have Gary Michael Belcher declared a dependent and neglected child. When the petition was filed, the Court entered its order granting the temporary care, custody and control of said minor to Potter County Child Welfare Unit until further hearing. Joan Belcher, the mother of Gary Michael Belcher was served with citation in Cause No. 506-J commanding her to appear and show cause, if any, why said child should not be declared a dependent and neglected child. On September 1, 1954, the Court entered its judgment declaring Gary Michael Belcher a dependent and neglected child and the child was declared a ward of the court and the care, custody and control of the child was awarded to and vested in the Potter County Child Welfare Unit subject to the further orders of the court. On April 21, 1955, Joan Belcher filed her petition in Cause No. 506-J asking that she be awarded full, complete and future custody and control of Gary Michael Belcher and that her parental rights to said child be in all things restored to her and asked for general relief. On April 30, 1955, the court entered its judgment decreeing that the motion and petition of Joan Belcher to change the custody of Gary Michael Belcher be in all respects refused. From this judgment, Joan Belcher has perfected this appeal.

■ It will be noticed from this record that although the child in question had been declared a dependent and neglected child, it was still in the custody of the Potter County Child Welfare Unit and no adoption had ever been granted. The whereabouts of the child's father was unknown at the time of both hearings. Regardless of technical proceedings, the real issue to be determined is what was for the best interests of the child. Naturally, if this mother was an unsuitable person to have the care and custody of the child it may be awarded to some other person. In determining this question, the Court should give due regard to the natural claim and rights of its mother. A decision of the question in favor of its mother should not be determined against her merely because she had exhibited some instability that, at that time, justified the removal of its custody from her. Garner v. Bowles, Tex.Civ.App., 233 S.W. 300, writ refused. At the time of the original hearing and from the evidence produced at this hearing, it appears only that Joan Belcher was under such a nervous condition at that time that the court saw fit to take said child from her and place it with the welfare unit.

■ The trial court found, in the judgment herein appealed from, that Joan Belcher did not undertake to have the former judgment set aside on the ground that the child in question was not a dependent and neglected child at the time of said judgment

on September 1, 1954. But she did file her petition requesting full and complete future custody and control of Gary Michael Belcher and that her parental rights to said child be in all things restored to her. The court had a complete hearing upon this matter and no question was raised as to the insufficiency of the pleadings. The child was still subject to the further orders of the Court. Since there had been no adoption proceedings had as to this child there should have been but one question for the court's consideration and that was what was for the best interests of the child. We think it is so well established as the law of this state that ordinarily the law presumes that the best interests of the child will be subserved by allowing it to remain in the custody of the parents no matter how poor and humble they may be although wealth and worldly advancement may be offered in the home of another. If Joan Belcher was not disqualified to have the care and custody of her child, the law presumes that it is to the best interests of the child that she should have custody as against third parties. Bradley v. Bradley, Tex.Civ.App., 199 S.W.2d 545.

In the case of Fox v. Fox, Tex.Civ.App., 210 S.W.2d 622, 624, it is stated:

"(1, 2) While the law in this kind of a case involving custody of minor children vests a broad and discretionary power in the trial judge while naming the custodian of children as he may deem for their best interest and welfare, however, this discretionary power is inferior to the presumed law that the best interest and highest welfare of the child will be best served by permitting it to remain in the custody and under the care of its natural parents. Therefore, the court cannot as a matter of discretion destroy the ties between parent and child unless it be shown substantially to the effect that neither parent is a fit subject, either morally, mentally or physically, to take care of the child.

"(3) After very careful consideration of appellee's testimony, viewed from the light most favorable to it, we think the same as a whole is insufficient in law to rebut and overcome the legal presumption above announced according to the cases hereinafter cited.

"Where the contest is between a parent and an outsider, the law pertaining to such case to the effect that the custody will not be awarded to an outsider unless it is shown there is some positive disqualification of the parent, was settled as far back as 1900 by the Supreme Court in the case of State ex rel. Wood v. Deaton, 93 Tex. 243, 54 S.W. 901. This law has been followed since that time consistently.

"The Commission of Appeals in Greenlaw v. Dilworth, 299 S.W. 875, held in substance that where the mother had written and received erotic letters would not authorize the court to declare her unfit for a daughter's custody as a matter of law and that the court must view the evidence in the light most favorable to the parent in determining custody of the child as against an outsider; that bad temper as a matter of law is no disqualification of the custodian, and that in general the child's welfare and the parent's fitness commonly rest in the natural relation which may not be disturbed save by that rebuttal which exhibits positive disqualification of the parent.

"In Swift v. Swift, Tex.Civ.App., 37 S.W.2d 241, it was held that an award of custody of minor children is subject to review on appeal notwithstanding the trial court's large discretion."

In the former hearing when the child was declared a dependent and neglected child, Dr. Howard C. Reid, a psychiatrist, did not think Joan Belcher should have custody of her child at that time since she exhibited instability and characteristics of a nervous disorder. He recommended that she not care for the child at that time. It is to be noticed that Joan Belcher, for reasons unknown to us,

was reared under conditions where she did not have the love and affection of her own parents but was taken from a welfare organization into the home of a Mrs. Voelz when she was about twelve years of age where she remained until her love affairs finally culminated in the unsuccessful marriage to Mr. Belcher. But, to her credit upon having her child taken from her, she returned to the home of her foster parents Mr. and Mrs. Voelz and immediately secured medical and psychiatric treatment and secured a good position and was leading a Christian life. Her foster mother was interested enough in Joan's welfare to assist her in securing treatment and paid for such treatments. Mrs. Voelz also came to Amarillo from Chicago to help appellant secure her baby. Appellant's foster parents own their home and desire to have Joan and her baby with them and are able to help her rear the baby and will look after the child should anything happen to the mother. Mrs. Voelz is well educated and has been a teacher in the high schools of Chicago for a number of years. Dr. Reid testified that the change in Mrs. Belcher's condition was wonderful and that she exhibited none of the previous instability and nervousness and that she was competent to have the care and custody of her child. The undisputed evidence in this case is that Joan Belcher is competent to have the care and custody of her child. We do not doubt the good intentions of any of the welfare workers and recognize they exercised their best judgment at that time in regard to this child but no person nor organization can take the place of a mother's love. Under this record, we do not believe it was within the discretion of the trial court to refuse the mother the care, custody and control of Gary Michael Belcher and he should have found the child was no longer a dependent and neglected child. Judgment of the trial court reversed and rendered that Gary Michael Belcher is no longer a dependent and neglected child and that he be delivered to his mother, Joan Belcher, and that she have the full care and custody of said child.

Reversed and rendered.