Juanita WAUER, Appellant,

v.

Wesley WAUER, Appellee.

No. 6652.

Court of Civil Appeals of Texas.

Amarillo.

Feb. 18, 1957.

Richard D. Bird, Childress, for appellant.

No attorney appearing for appellee.

CHAPMAN, Justice.

Appellee, Wesley Wauer, filed suit against his wife, Juanita Wauer, for divorce; for custody of their two minor children, a boy, Curtis Dan, age six, and a girl, Molly Beth, age four; and for division of their community property. Appellant, Juanita Wauer, filed a cross-action for divorce, for custody of the named children, for division of the community estate and for support payments from plaintiff for the children. Trial was to the court, which resulted in a judgment for divorce for appellee and a finding that "these parties are not fit and proper persons to have care and custody of their children and it would be harmful to said children to place them in their care and custody."

The children, were, by the court, placed in the custody and control of appellee's sister and brother-in-law, Raymond Hicks and wife, Hazel Hicks, with reasonable visiting privileges awarded to the parents at reasonable times and places. From this judgment appellant, Juanita Wauer, has perfected her appeal to this court upon five assignments of error, as follows:

"Point I.

"The trial court erred in admitting into evidence Plaintiff's Exhibit No. 1, over the objection of the defendant.

"Point II.

"The trial court erred in granting a divorce to plaintiff, for proof of sufficient grounds for divorce was not made by the plaintiff.

"Point III.

"The trial court erred in refusing to grant care and custody of the two minor children to the defendant, the natural mother of said children.

"Point IV

"The trial court erred in taking the minor children from both plaintiff and defendant, and awarding them to a third party.

"Point V

"The trial court erred in granting plaintiff a divorce for the reason that the court did not have jurisdiction in that plaintiff had not resided in Collingsworth County for six months immediately preceeding the filing of the suit for divorce."

These assignments will be discussed in the order named.

Plaintiff's Exhibit Number One was accepted in evidence by the court below over objections of appellant that it was not relevant and material and referred to happenings prior to reconciliation of the couple and were condoned by appellee, Wesley Wauer.

This instrument, written in the first person, admittedly by appellant, related a series of indiscretions with an "Ins" salesman climaxed by several days spent with in "gal" where "the weather was perfect and the tangy salt air invigorating."

Appellant, on cross-examination, admitted the instrument contained her thoughts but claimed it was a composition she was entering in a contest. The record does not indicate what sort of contest.

Clearly the instrument was admissible against the objection that it was not relevant and material.

Any evidence that would help the trial court form an opinion concerning the fitness of appellant to have custody of minor children would be admissible against an objection of immateriality.

Whether the contents of the exhibit constituted fact or fiction it would give the trier of facts some insight into the character of the author for the purpose of determining fitness of one to have custody of children of tender years and whose character would naturally be influenced by their custodian. This statement is too academic to require the citation of authorities.

■ As against appellant's objections that the instrument "refers to happenings prior to reconciliation of this couple and all happenings that occured prior to this reconciliation were condoned by Mr. Wauer," we also hold the court below was correct in admitting the exhibit.

The testimony of Joe Wauer, father of appellee, given without objection, related that Curtis Dan, the six year old boy of appellant and appellee talked about his mother's going off with "some guy" and going to bed with him in a tourist camp. (S.F. p. 25.)

Though the record does not reveal exactly when this allegedly happened, it is clear that it was after the second separation. Under the law of this state the appellee condoned the acts of cruelty complained of before the reconciliation when he lived and cohabited with appellant subsequent thereto. But if the acts related by the little boy were true, and they were nowhere denied by appellant in the record, then the acts of cruelty occurring after separation revived the condoned acts of cruelty occurring prior to separation and made the exhibit admissible as against the objections that appellant had condoned the acts of cruelty related therein. Redwine v. Redwine, Tex. Civ.App., 198 S.W.2d 472.

■ The conduct of appellant, related above in disposing of her first assignment, is perhaps sufficient upon which to overrule assignment Number Two herein. But in addition to the experiences related in the exhibit and the testimony of Curtis Dan concerning his mother's conduct, we have the additional fact that appellant broke into her father-in-law's home by breaking the hook on the screen door and when discovered was hidden under the bed where her estranged husband slept and had under the bed with her a tire tool and lug wrench capable, according to the testimony, of killing "somebody with." Additionally, appellee testified without objection that his wife's reputation for morals and chastity were "not very good." Even if it might be said that any one of these different acts taken alone would not constitute grounds for divorce, certainly the cumulation of them would constitute sufficient grounds on which to grant appellee, plaintiff below, a divorce. Ingham v. Ingham, Tex.Civ.App., 240 S.W.2d 409.

■ Appellant's assignment Number Three is completely without merit. The court's specific finding that neither of the parties are fit and proper persons to have custody of their children, where supported by such evidence as that given against appellant, shows no abuse of discretion. It has been held many times by this court that judgment of a trial court in a child custody case will not be disturbed on appeal unless the award of custody is so contrary to the great preponderance of evidence as to show an abuse of discretion. Murphey v. Walker, Tex.Civ.App., 209 S.W.2d 371; Anderson v. Martin, Tex.Civ.App., 257 S.W.2d 347; Reid v. Horton, Tex.Civ.App., 278 S.W.2d 626; Ingham v. Ingham, Tex.Civ.App., 240 S.W.2d 409.

■■ An altogether different situation presents itself to this court in considering appellant's assignment Number Four above. We have an unusual situation presented in said assignment in that she complains for her adversary.

So far as the record is concerned appellee has made no complaint of the court's finding that he is not a fit and proper person to have custody of his children, though the transcript does show an application for a writ of habeas corpus filed subsequent to the judgment granting divorce herein and alleging that the parties awarded custody, to wit: Raymond and Hazel Hicks are unfit persons to have their custody.

Even though neither of the parties appeared for oral argument when the cause was submitted in this court and appellee failed to file a brief, since it is a child custody and support case, this court is duty bound to examine the record. Lane v. Mangum, Tex.Civ.App., 203 S.W.2d 945.

A full and complete examination of the record does not reveal any testimony showing appellee an unfit and improper person to have custody of his children.

█ Since the early case of State ex rel. Wood v. Deaton, 93 Tex. 243, 54 S.W. 901, by the Supreme Court of Texas, the courts have recognized that as against a third person a parent has paramount right to his infant child's custody in absence of positive disqualification for proper discharge of his parental duties. McCarroll v. Lakey, Tex.Civ.App., 157 S.W.2d 963; Dunn v. Dunn, Tex.Civ.App., 217 S.W.2d 124; Davison v. Weisser, Tex.Civ.App., 221 S.W.2d 783; McRae v. Lamb, Tex.Civ.App., 233 S.W.2d 193; In re Belcher, Tex.Civ.App., 284 S.W.2d 182, 184.

█ The fifth assignment of error is overruled. Appellee, plaintiff below, testified he had lived in Wellington, Collingsworth County, Texas, for 32 years. The record shows that he and his family visited his wife's father for two months shortly prior to their separation. There is nothing whatever in the record to show he had abandoned Collingsworth County as his residence.

It is the holding of this court that the court below properly awarded divorce to appellee, Wesley Wauer, against appellant, Juanita Wauer, but the record does not show sufficient evidence to justify the court's finding that appellee, Wesley Wauer, was an unfit and improper person to have custody of his children.

The judgment of the trial court is affirmed as to the divorce awarded appellee, Wesley Wauer, and as to the division of the property of the parties. The judgment of the trial court is also affirmed as to its finding that appellant, Juanita Wauer, is not a fit and proper person to have custody of her two minor children. The judgment of the trial court is reversed and remanded as to that part of the judgment awarding custody of the minor children to Raymond Hicks and wife, Hazel Hicks, with instructions to determine by competent testimony if appellee, Wesley Wauer, is a fit and proper person to have the custody of his children.