John Calvin BRANCH, Appellant,

v.

Nell Vaun BRANCH, Appellee.

No. 13871.

Court of Civil Appeals of Texas.

Houston.

Jan. 11, 1962.

---

Barker, Barker & Coltzer, Owen D. Barker, Galveston, for appellant.

Phipps, Smith & Alexander, Chas. B. Smith, Galveston, Glusing & Sharpe, Kingsville, for appellee.

COLEMAN, Justice.

This is an appeal from a judgment granting a divorce on trial by the court sitting without a jury.

■ Appellant contends that the court erred in rendering a judgment granting the divorce because the undisputed evidence sustained his plea of condonation. Appellant testified positively to conduct on the part of appellee which would require a finding of condonation. When appellee was questioned about this conduct, she re-fused to confirm, but did not deny, the truth of appellant's testimony. Under these circumstances the defensive issue of condonation could not have been disregarded by the trial court. Rippeteau v. Rippeteau, Tex. Civ.App., 287 S.W.2d 238.

There was evidence, introduced by appellant, of conduct on his part sufficient to revive the acts of cruelty relied on by appellee as grounds for divorce. Nogees v. Nogees, 7 Tex. 538; Parker v. Parker, Tex. Civ.App., 204 S.W. 493. However, these subsequent acts were committed after the suit for divorce was filed. No amended or supplemental petition was filed alleging facts showing revival.

■ Acts of cruelty occurring after separation will revive condoned acts of cruelty occurring prior to separation. Redwine v. Redwine, Tex.Civ.App., 198 S.W.2d 472; Wauer v. Wauer, Tex.Civ.App., 299 S.W.2d 719. "Condonation is tentative and conditional. It is effective so long as the particular act is not repeated and if the particular act complained of is repeated condonation relative thereto is no longer effective." Gomez v. Gomez, Tex.Civ.App., 234 S.W.2d 941. Sufficient evidence of cruel treatment prior to the institution of the suit is found in the record of this case to sustain the implied finding of the trial judge that the evidence establishing the acts of cruelty and their effect is full and satisfactory. The evidence of acts of cruelty after the institution of the suit, having been submitted without objection or limitation, was sufficient to revive the previous acts of cruelty and could properly have been considered by the trial court, and can be considered by this Court, as corroboration of appellee's testimony in determining whether such testimony meets the "full and satisfactory" test.

The judgment of the trial court is affirmed.