**Helen B. GRIMES, Appellant,**

v.

**Ollie O. GRIMES, Appellee.**

**No. 11041.**

Court of Civil Appeals of Texas.

Austin.

Feb. 20, 1963.

Polk Shelton, Austin, for appellant.

E. M. Grimes, Taylor, for appellee.

PHILLIPS, Justice.

This is an appeal from a judgment granting a divorce on trial by the court sitting without a jury. The Trial Court rendered judgment in favor of the plaintiff husband on the ground of cruel treatment and the wife has appealed.

■ There were no findings of fact or conclusions of law, consequently the evidence must be viewed in a light most favorable to appellee, Parmeter v. Parmeter, Tex. Civ.App., 1961, 348 S.W.2d 51.

Appellant contends that the court erred in overruling appellant's motion for new trial and in rendering a judgment granting the divorce because the evidence adduced at the trial was insufficient to grant the divorce and that the defenses of recrimination and condonation were raised.

■ Whether a wife's conduct renders further living together insupportable is largely a question of fact, Art. 4629, Vernon's Ann.Civ.St.

■ The rule of law in Texas is that a divorce may be granted on the ground of cruel treatment on the part of one spouse toward the other when such cruel treatment renders their further living together insupportable, Counts v. Counts, Tex.Civ. App., 1962, 358 S.W.2d 192.

■ The record before us shows repeated accusations on the part of the wife that the husband had been "going out or always seeing some woman, instead of going out for business". That such conduct started back in 1930 when the parties were first married, that such harassing continued, caused the husband to be nervous. The husband denied having had anything to do with other women. The wife's testimony was otherwise. The Trial Court believed the husband. We hold that the evidence was full and satisfactory with regard to acts of cruelty to uphold the judgment of the Trial Court.

■ Appellant alleges that should there have been any cruel treatment on her part, that after appellee left her to come to Texas, she visited him for two weeks, that they lived together as man and wife and that if there were such prior cruel acts they were therefore condoned. If such had been the case, the post card that the appellant sent appellee through the mails after this visit accusing him of living with a mistress is sufficient as an act of cruelty occurring after separation such as to revive condoned acts occurring prior to the separation, Branch v. Branch, Tex.Civ.App., 1962, 353 S.W.2d 247.

The record before us does not support the defense of recrimination.

The judgment of the Trial Court is affirmed.

Affirmed.